DECISION AND JUDGMENT ENTRY
{¶ 1} Paul Fairbanks appeals the Ross County Common Pleas Court's entry overruling his motion to dismiss the indictment. Fairbanks contends that the trial court erred because he already had a prior reckless operation conviction under R.C. 4511.20 for the same conduct, which he maintains is a double jeopardy bar to the current prosecution under R.C. 2921.331(B) (C)(5)(a)(ii). We agree because the prior conviction is a lesser included offense of the current charge. Accordingly, we vacate the judgment of the trial court, i.e. we vacate the conviction and sentence, and instruct the trial court to discharge Fairbanks.
 I. {¶ 2} On October 12, 2003, a Ross County Deputy Sheriff pursued a motor vehicle operated by Fairbanks. The pursuit ended when Fairbanks had an accident after he lost control of his vehicle. The state charged Fairbanks with multiple offenses including reckless operation in violation of R.C. 4511.20, a misdemeanor. After his conviction for reckless operation, a Ross County Grand Jury indicted him for failure to comply in violation of R.C. 2921.331(B) (C)(5)(a)(ii), a felony. The indictment was based on Fairbanks' conduct on October 12, 2003 that resulted in the reckless operation charge.
 {¶ 3} After a not guilty plea, Fairbanks moved the court to dismiss the indictment. He argued that his prior reckless operation conviction barred a subsequent prosecution for failure to comply because of the Double Jeopardy Clauses contained in theFifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. The trial court overruled his motion to dismiss. Fairbanks entered a no contest plea and the court found him guilty as charged.
 {¶ 4} Fairbanks appeals and asserts the following assignment of error: "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN DETERMINING THAT THE DEFENDANT'S CONVICTION FOR A VIOLATION OF R.C. 4511.20 DOES NOT PRESENT A DOUBLE JEOPARDY BAR TO A SUBSEQUENT PROSECUTION UNDER R.C. 2921.331 WITH RESPECT TO AN ENHANCING ELEMENT UNDER 2921.331(C)(5)(a)(ii). THE DECISION OF THE TRIAL COURT IN THIS REGARD RESULTED IN A VIOLATION OF RIGHTS SECURED TO THE DEFENDANT UNDER THE FIFTH AMENDMENT OF THE UNITED STATES CONSITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION."
 II. {¶ 5} In his sole assignment of error, Fairbanks challenges the trial court's denial of his motion to dismiss. Fairbanks contends that his prior reckless operation conviction is a double jeopardy bar to a subsequent conviction for failure to comply. The state argues that it can prosecute Fairbanks because the prior reckless operation offense is not a lesser included offense of the current failure to comply offense. After a de novo review, we disagree with the state.
 {¶ 6} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Our federal and state Constitutions protect citizens from successive prosecutions for the same offense. State v.Rance, 85 Ohio St.3d 632, 634, citing State v. Moss (1982),69 Ohio St.2d 515, 518. To determine if a prior conviction is a bar to a subsequent prosecution, a court applies the test set forth in Blockburger v. United States (1932), 284 U.S. 299, 304. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. * * * `A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'" Id. (citations omitted).
 {¶ 7} The Ohio Supreme Court has held that a subsequent prosecution is barred when the Blockburger test reveals that one offense is a lesser included offense of the other. State v.Tolbert (1991), 60 Ohio St.3d 89, paragraph one of the syllabus. "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." Statev. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus.
 {¶ 8} Here, the state apparently concedes that reckless operation carries a lesser penalty than failure to comply under prong one of the Deem test and that some element of failure to comply is not required to prove reckless operation under prong three. However, the state contends that under prong two a defendant could commit the offense of failure to comply without committing the offense of reckless operation.
 {¶ 9} "[T]he second prong of the Deem test requires us to examine the offenses at issue as statutorily defined and not with reference to specific factual scenarios." State v. Barnes,94 Ohio St.3d 21, 26, 2002-Ohio-68.
 {¶ 10} Reckless operation under R.C. 4511.20 provides, "No person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property."
 {¶ 11} Failure to comply under R.C. 2921.331(B) provides, "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." And, R.C. 2921.331(C)(5)(a) provides, "A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt: * * * (ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."
 {¶ 12} Here, the state specifically argues that the trial court was correct when the court stated, "Considering these matters in light of Blockburger, the court notes neither the willful or wanton prong of the reckless operation statute are a lesser included offense of the charge of failure to comply as they require proof of intentional, knowingly, purposeful, or reckless acts which the failure to comply statute does not as it is a strict liability [offense]." (Emphasis added.) However, Fairbanks contends that the mental culpability required for a R.C. 2921.331(C)(5)(a)(ii) violation is recklessness, not strict liability.
 {¶ 13} Therefore, the issue we must resolve is whether R.C.2921.331(C)(5)(a)(ii), which elevates failing to comply to a third-decree felony if "[t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property[,]" imposes strict criminal liability on a defendant. We decide this issue with the understanding that "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A).
 {¶ 14} R.C. 2901.21 provides in part, "(A) Except as provided in division (B) of this section, a person is not guilty of an offense unless * * * [t]he person has the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense. (B) When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."
 {¶ 15} Here, we find that the requisite culpable mental state for a R.C. 2921.331(C)(5)(a)(ii) violation is recklessness. When the failure to comply offense under R.C. 2921.331(B) includes a R.C. 2921.331(C)(5)(a)(ii) enhancement, the enhancement is one of the elements of the failure to comply offense. Generally, see,State v. Lozier, 101 Ohio St.3d 161, 2004-Ohio-732. See, also,State v. Cole (1994), 94 Ohio App.3d 629, 633 (specifications which elevate the degree of a crime from a misdemeanor to a felony are elements of a crime.); State v. Brown (1993),85 Ohio App.3d 716, 722 (the finding of "within one thousand feet of the boundaries of any school premises" is an essential element of the state's case-in-chief which must be proved beyond a reasonable doubt before an enhanced penalty can be imposed.) The state must prove beyond a reasonable doubt each element of the offense charged, which includes the requisite mental culpability for that element. R.C. 2901.21(A)(2).
 {¶ 16} R.C. 2921.331(C)(5)(a)(ii) is silent as to the required degree of mental culpability for its violation. And, unlike the situation in Lozier, supra, this clause is not defined in the chapter's definitional section so that we can determine if the legislature intended for strict liability to apply. See R.C. 2921.01. Hence, pursuant to R.C. 2901.21(B), "[w[hen the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense." Consequently, we find that the requisite mental culpability for a R.C.2921.331(C)(5)(a)(ii) violation is recklessness.
 {¶ 17} We now examine the mental culpability required to violate R.C. 4511.20. The Ohio Supreme Court, in State v.Earlenbaugh (1985), 18 Ohio St.3d 19, 21-22, stated, "we believe that the statute simply provides two definite and clear bases upon which a finding of guilt may be premised. A person may be found guilty of violating R.C. 4511.20 if he acts willfully. Such conduct implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse. Black's Law Dictionary (5 Ed. 1979) 1434. Or conversely, R.C. 4511.20 is violated when a person acts wantonly in disregard of the safety of others. A wanton act is an act done in reckless disregard of the rights of others which evinces a reckless indifference of the consequences to the life, limb, health, reputation, or property of others. (Citations omitted.)"
 {¶ 18} Therefore, applying the Blockburger test to these two statutory offenses, we find that it would be impossible to commit the offense of failure to comply without also committing the offense of reckless operation, i.e. both R.C. 4511.20 and R.C. 2921.331(C)(5)(a)(ii) involve reckless acts. Stated differently, under the second prong of the Deem test, we find that reckless operation under R.C. 4511.20 is a lesser included offense of failure to comply under R.C. 2921.331(B) 
(C)(5)(a)(ii). Consequently, Fairbanks' prior conviction of reckless operation is a double jeopardy bar to his subsequent failure to comply prosecution.
 {¶ 19} We realize that the appellate courts are split on this issue. For example, our decision is in line with the First and Second Districts. See State v. Knaff (1998),128 Ohio App.3d 90, appeal not allowed by State v. Knaff (1998),83 Ohio St.3d 1447; State v. Morton (Jan. 28, 2005), Montgomery App. No. 20358, 2005-Ohio-308, discretionary appeal not allowed by Statev. Morton, 106 Ohio St.3d 1412, 2005-Ohio-3154. However, the state urges us to follow the Eighth and Twelfth Districts. SeeState v. Jackson (Oct. 3, 2002), Cuyahoga App. No. 80421, 2002-Ohio-5329; State v. Rupp (April 8, 2002), Butler App. No. CA2001-06-135, 2002-Ohio-1600. We respectfully disagree with our Eighth and Twelfth District colleagues because those courts found that the mental culpability requirement for a R.C.2921.331(C)(5)(a)(ii) violation is strict liability without conducting a R.C. 2901.21(B) analysis. See Lozier, supra. See, also, State v. Moody, 104 Ohio St.3d 244, 2004-Ohio-6395.
 {¶ 20} Accordingly, we sustain Fairbanks' sole assignment of error, vacate his conviction and sentence, and instruct the trial court to discharge the defendant.
Judgment Vacated and Cause Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE VACATED and THIS CAUSE REMANDED to the trial court with an instruction to discharge the defendant and that the costs herein be taxed to the Appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment Only.