THE STATE OF OHIO, APPELLANT, *v.* FAIRBANKS, APPELLEE.

[Cite as *State v. Fairbanks,* 117 Ohio St.3d 543, 2008-Ohio-1470.]

(No. 2006–1529—Submitted June 6, 2007—Decided April 3, 2008.)

CUPP, J.

{¶ 1} The issue presented in this case is whether reckless operation of a vehicle, R.C. 4511.20, is a lesser included offense of failure to comply with an order or signal of a police officer, R.C. 2921.331(B), when the failure-to-comply charge is accompanied by a specification of causing a substantial risk of serious physical harm to persons or property pursuant to R.C. 2921.331(C)(5)(a)(ii). We hold that it is not.

### Facts and Procedural History

{¶ 2} On October 12, 2003, appellee Paul Fairbanks was pursued by a police officer for driving his motor vehicle over the center line. While attempting to flee the pursuing officer, Fairbanks lost control of his vehicle and crashed it. Fairbanks received multiple traffic citations arising out of this incident, including

one for reckless-operation. He waived his court appearance for the reckless-operation charge and paid a fine on October 29, 2003.

{¶ 3} Subsequently on December 5, Fairbanks was indicted on a single count of failure to comply with an order or signal of a police officer, with the specification that Fairbanks's operation of the motor vehicle "caused a substantial risk of serious physical harm to persons or property," which is a third-degree felony under R.C. 2921.331(B) and (C)(5)(a)(ii). Fairbanks initially pleaded not guilty and moved to dismiss the charge as barred by the Double Jeopardy Clauses of the United States and Ohio Constitutions. After the trial court overruled his motion, Fairbanks entered a guilty plea. However, he later successfully petitioned to withdraw the guilty plea, and he then entered a plea of no contest. The court accepted the no-contest plea, found Fairbanks guilty, and sentenced him to community-control sanctions.

{¶ 4} The court of appeals vacated the judgment of conviction and ordered the defendant discharged. The case is before this court upon our acceptance of the state's discretionary appeal.

## Analysis

{¶ 5} The court of appeals' opinion, which failed to muster a majority, stated that reckless operation is a lesser included offense of the felony version of failure to comply. Thus, it concluded that Fairbanks's conviction for reckless operation under R.C. 4511.20 was a double-jeopardy bar to a subsequent prosecution under R.C. 2921.331(C)(5)(a)(ii).

{¶ 6} In *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, the Supreme Court of the United States set forth a test to determine whether the protection against double jeopardy prevented conviction under one statute because of a previous conviction for the same conduct under another statute: "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 304, 52 S.Ct. 180, 76 L.Ed. 306. Thus, we have noted: "If application of [the *Blockburger*] test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, the subsequent prosecution is barred." *State v. Tolbert* (1991), 60 Ohio St.3d 89, 573 N.E.2d 617, paragraph one of the syllabus.

{¶ 7} An examination of the two statutes in this case reveals that they do not have identical statutory elements. R.C. 4511.20(A) prohibits any person from operating "a vehicle * * * on any street or highway in willful or wanton disregard of the safety of persons or property." A violation of that provision is a minor misdemeanor. R.C. 4511.20(B). R.C. 2921.331(B) defines the offense of

failure to comply as operating "a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." This offense is a misdemeanor of the first degree. R.C. 2921.331(C)(3). However, if in committing the offense of failure to comply, the operator of the motor vehicle causes "substantial risk of serious physical harm to persons or property," then the offense is statutorily enhanced from a misdemeanor to a third-degree felony. R.C. 2921.331(C)(5)(a)(ii). Because the statutory elements of reckless operation and failure to comply are not identical, the only inquiry is whether either is a lesser included offense of the other.

{¶ 8} In *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, we established a three-part test to determine whether one offense is a lesser included offense of another. A lesser included offense exists if "(i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." Id. at paragraph three of the syllabus. In analyzing the two statutes in the present case, the court of appeals' lead opinion determined that the requisite culpable mental state for the felony specification in R.C. 2921.331(C)(5)(a)(ii) is recklessness. *State v. Fairbanks*, Ross App. No. 05CA2870, 2006-Ohio-3530, 2006 WL 1875897, ¶ 15. Thus, when applying the second prong of the *Deem* test, the lead opinion concluded that one could not commit the felony version of failure to comply without also committing the offense of reckless operation. Id. at ¶ 18.

{¶ 9} We conclude, however, that the addition of a felony specification to a charge of failure to comply does not render the two offenses alike for double-jeopardy purposes. In order to commit reckless operation, a person must operate his or her vehicle "in willful or wanton disregard of the safety of persons or property." R.C. 4511.20(A). Failure to comply, however, does not require proof of a willful or wanton disregard of the safety of persons or property; it merely requires proof that a person willfully elude or flee a police officer who has given a signal to stop. R.C. 2921.331(B). And the addition of a felony specification pursuant to R.C. 2921.331(C)(5)(a)(ii) does not alter this conclusion.

{¶ 10} There are many circumstances wherein one can elude or flee a police officer *without* a willful or wanton disregard of the safety of persons or property. For example, one can flee at a safe speed, if the officer is on foot, or hide the vehicle in an alley, a driveway, or behind a building. The potential factual scenarios are numerous, yet the conclusion is the same: a person can commit failure to comply without also committing the offense of reckless operation. Consequently, part two of the *Deem* test cannot be met and the offense of

reckless operation, therefore, is not a lesser included offense of failure to comply. The point of contention then becomes whether charging the penalty enhancement contained in R.C. 2921.331(C)(5)(a)(ii) alters this result. Under R.C. 2901.21(A), one requirement for finding criminal liability is that the defendant has "the requisite degree of culpability for each element *as to which a culpable mental state is specified* by the section defining the offense." (Emphasis added.) R.C. 2901.21(A)(2).

{¶ 11} In this case, R.C. 2921.331(C)(5)(a)(ii) is not an element that has a specified culpable mental state. Instead, the penalty enhancement is contingent upon a factual finding with respect to *the result or consequence* of the defendant's willful conduct. Whether the result or consequence was intended by the defendant is of no import. If the trier of fact finds beyond a reasonable doubt that a substantial risk of serious physical harm to persons or property actually resulted from the defendant's conduct, then the enhancement is established. This is purely a question of fact concerning the consequences flowing from the defendant's failure to comply. It involves no issue of intent or culpability, and no inquiry into the defendant's state of mind with respect to that element is contemplated or necessary. It is analogous to determining whether the offense occurred in daylight or in darkness or whether the place where it occurred was dusty or wet. It is simply a finding of the presence or absence of a condition.

{¶ 12} Moreover, we have noted that "[t]he *Blockburger* test emphasizes the elements of the two crimes. Essentially, '[i]f each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.' " *State v. Tolbert*, supra, 60 Ohio St.3d at 91, 573 N.E.2d 617, fn. 3, quoting *Iannelli v. United States* (1975), 420 U.S. 770, 785, 95 S.Ct. 1284, 43 L.Ed.2d 616, fn. 17. In this case, although the addition of a felony specification pursuant to R.C. 2921.331(C)(5)(a)(ii) may create an overlap of the proof offered to establish the two offenses, adding the felony specification does not change the fact that the two offenses have different elements such that each requires proof of a fact that the other does not.

{¶ 13} Notwithstanding the general inapplicability of a culpable mental state to the enhancing provision, appellee argues that pursuant to R.C. 2901.21(B), the enhancement provision in R.C. 2921.331(C)(5)(a)(ii) includes a mental state of "recklessness" because R.C. 2921.331(C)(5)(a)(ii) does not expressly specify a degree of culpability. R.C. 2901.21(B) states: "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

{¶ 14} The section of the Revised Code at issue in this case, R.C. 2921.331, specifies the degree of culpability as willful: "No person shall operate a motor vehicle so as *willfully* to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." (Emphasis added.)   R.C. 2921.331(B).   Because the General Assembly specified the culpable mental state of willfulness in R.C. 2921.331(B), but excluded mention of any mental state in the accompanying enhancement provision, R.C. 2921.331(C)(5)(a)(ii), this omission "plainly indicates a purpose to impose strict criminal liability" with respect to that provision.   R.C. 2901.21(B).   Accord *State v. Maxwell,* 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, at ¶ 27.   See also *State v. Wac* (1981), 68 Ohio St.2d 84, 86, 22 O.O.3d 299, 428 N.E.2d 428.   We have noted that "different elements of the same offense can require different mental states."   *State v. Jordan* (2000), 89 Ohio St.3d 488, 493, 733 N.E.2d 601 (citing R.C. 2901.21(A)(2)).   Thus, we conclude that even an analysis under R.C. 2901.21(B) supports the conclusion that a culpable mental state is excluded from R.C. 2921.331(C)(5)(a)(ii).

### Conclusion

{¶ 15} In analyzing the facts and the statutes before us, we conclude that the penalty-enhancing provision of R.C. 2921.331(C)(5)(a)(ii) is not one to which any culpable mental state is applicable or specified.   Consequently, a conviction for failure to comply with an order or signal of a police officer, R.C. 2921.331(B), with the additional specification that the offender's operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property, R.C. 2921.331(C)(5)(a)(ii), is not barred by a prior conviction for reckless operation, R.C. 4511.20, arising out of the same incident.

{¶ 16} For the foregoing reasons, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

Judgment reversed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, and O'DONNELL, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

---

LANZINGER, J., dissenting.

{¶ 17} I respectfully dissent and would hold that the minor-misdemeanor charge of reckless operation, R.C. 4511.20, is a lesser included offense of the third-degree felony of failure to comply under R.C. 2921.331(B) and 2921.331(C)(5)(a)(ii).   Consequently, the Double Jeopardy Clause bars a later prosecution for a third-degree felony offense of failure to comply when there is a

conviction for minor-misdemeanor reckless operation arising from the same set of facts.

## The Statutes

{¶ 18} Fairbanks was first convicted of reckless operation under R.C. 4511.20, a minor-misdemeanor offense. Subsection (A) states, "No person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property." Subsequently, Fairbanks was charged with a new offense, failure to comply, arising from the same event. The indictment specified a violation of R.C. 2921.331(B), which states, "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." Fairbanks was also charged with the portion of the statute that defined the offense as a felony of the third degree:

{¶ 19} "A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

{¶ 20} " * * *

{¶ 21} "(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." R.C. 2921.331(C)(5)(a).

{¶ 22} The majority's double-jeopardy analysis of Fairbanks's earlier conviction and subsequent indictment is flawed. In making its lesser-included-offense comparison, the majority measures minor-misdemeanor reckless operation against the first-degree-misdemeanor form of failure to comply (R.C. 2921.331(B) and (C)(3)) rather than the third-degree-felony form of the offense for which Fairbanks was indicted (R.C. 2921.331(B) and (C)(5)(a)(ii)). The specification, R.C. 2921.331(C)(5)(a)(ii), provides that an individual who violates R.C. 2921.331(B) is guilty of a third-degree felony if "the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."

{¶ 23} I disagree with the majority's analysis of the R.C. 2921.331(C)(5)(a)(ii) specification as simply a "penalty enhancement." Because R.C. 2921.331(C)(5)(a)(ii) elevates the degree of the offense, it is an element of the third-degree felony, failure to comply. *State v. Allen* (1987), 29 Ohio St.3d 53, 55, 29 OBR 436, 506 N.E.2d 199 (an element elevates the degree of the offense; an enhancement provision increases only the penalty). As an element, R.C. 2921.331(C)(5)(a)(ii) must be proved beyond a reasonable doubt. In other words, if the factfinder determines beyond a reasonable doubt that in committing the offense of failure to comply, the operator of the motor vehicle caused "substantial

risk of serious physical harm to persons or property," then the offense is a third-degree felony. Cf. *State v. Henderson* (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494 (when the existence of a prior conviction not only enhances the penalty but increases the degree of the crime, the prior conviction is an element of the offense and must be proved by the state).

{¶ 24} The majority's view of R.C. 2921.331(C)(5)(a)(ii) as a mere "penalty enhancement" rather than a separate element of the third-degree felony offense leads to confusion over whether the specification has a separate mental state. The court of appeals determined that "the requisite mental culpability for [an] *R.C. 2921.331(C)(5)(a)(ii)* violation is recklessness," relying on R.C. 2901.21(B). (Emphasis added.) *State v. Fairbanks*, Ross App. No. 05CA2870, 2006-Ohio-3530, 2006 WL 1875897, ¶ 16. The majority also employs R.C. 2901.21(B), but concludes that because a culpable mental state is omitted in *R.C. 2921.331(C)(5)(a)(ii)*, there is "a purpose to impose strict liability" with respect to that provision.

{¶ 25} R.C. 2901.21(B) is not applicable, however, since that section begins, "When the section *defining an offense* does not specify any degree of culpability * * *." (Emphasis added.) R.C. 2921.331(C)(5)(a)(ii) is not a section that defines an offense in and of itself, but is an element of the third-degree-felony form of failure to comply. The statute setting forth the offense of failure to comply does, in fact, define a mental state of culpability. R.C. 2921.331(B) begins, "No person shall operate a motor vehicle so as *willfully* to elude or flee a police officer * * *." (Emphasis added.) The culpability to be proved on the part of a defendant is willfulness. "Willfully," however, is now defined as "purposely." As the 1974 Legislative Service Commission comment to 1972 Am.Sub.H.B. No. 511 explained when R.C. 2901.22, the statute defining culpable mental states, was amended to its current form:

{¶ 26} "In place of the large number of terms which former law employed to describe guilty states of mind, [R.C. 2901.22] defines four mental states— purpose, knowledge, recklessness, and negligence—to describe the degrees of culpability which may be attached to a crime or to one or more elements in a crime.

{¶ 27} "Purpose is defined in terms of a specific intention either to cause a certain result, or to engage in conduct of a certain nature regardless of what the offender intends to accomplish through that conduct. 'Purposely' in the new code equates with 'purposely,' 'intentionally,' 'willfully,' or 'deliberately' in the former law."

{¶ 28} Thus, for a conviction of third-degree felony failure to comply, the state must prove that the defendant *purposely* acted to flee or elude an officer after receiving a visible or audible signal to stop the car *and* that the defendant's

driving caused a substantial risk of serious physical harm to persons or property. Proof that the defendant willfully eluded the officer together with proof that the defendant caused "substantial risk of serious physical harm to persons or property" also satisfies the mental state of recklessness. "When the section defining an offense provides that negligence suffices to establish an element thereof, then recklessness, knowledge, or purpose is also sufficient culpability for such element. When recklessness suffices to establish an element of an offense, then knowledge or purpose is also sufficient culpability for such element. When knowledge suffices to establish an element of an offense, then purpose is also sufficient culpability for such element." R.C. 2901.22(E).

{¶ 29} In my analysis, the test for lesser included offenses set forth in *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, is satisfied. Reckless operation does not require proof of any fact beyond those required for the third-degree felony offense of failure to comply. It is impossible to commit a violation of R.C. 2921.331(B) and (C)(5)(a)(ii)—purposely fleeing despite an officer's signal to stop, thereby causing a substantial risk of serious physical harm to persons or property—without also committing a violation of R.C. 4511.20(A)—driving a car in willful or wanton disregard of the safety of persons or property. Fairbanks was placed in jeopardy once for his reckless driving during the police chase and therefore cannot be prosecuted again on facts arising from the same incident.

## Conclusion

{¶ 30} Fairbanks could not have committed the third-degree felony of failure to comply with an order or signal of a police officer, which "caused a substantial risk of serious physical harm to persons or property," R.C. 2921.331(B) and (C)(5)(a)(ii), without also committing reckless operation by operating a motor vehicle in "willful or wanton disregard of the safety of persons or property," a minor misdemeanor. R.C. 4511.20(A).

{¶ 31} I would, therefore, affirm the judgment of the court of appeals on grounds that jeopardy attached when Fairbanks was convicted of reckless operation and that his later prosecution for the third-degree felony offense of failure to comply violated the Double Jeopardy Clause.

PFEIFER, J., concurs in the foregoing opinion.

———————

Michael M. Ater, Ross County Prosecuting Attorney, and Judith Heimerl Brown, Assistant Prosecuting Attorney, for appellant.

James T. Boulger, for appellee.