THE STATE OF OHIO, APPELLEE, *v.* SMITH, APPELLANT.

[Cite as *State v. Smith,* 121 Ohio St.3d 409, 2009-Ohio-787.]

(No. 2007–0268—Submitted November 18, 2008—Decided March 4, 2009.)

O'DONNELL, J.

{¶ 1} Danielle Smith seeks reconsideration of our decision to affirm her conviction for fifth-degree felony theft in *State v. Smith,* 117 Ohio St.3d 447, 2008-Ohio-1260, 884 N.E.2d 595, asserting that the value of the stolen property is an essential element that must be charged in the indictment. In our decision, however, we stated that "the elements of theft do *not* include value. Rather, value is a special finding to determine the degree of the offense, but is not part of the definition of the crime." (Emphasis sic.) Id. at ¶ 31.

{¶ 2} Smith contends that she cannot be convicted of fifth-degree felony theft, because her original indictment did not specify that the value of the property allegedly stolen was between $500 and $5,000. She argues that value constitutes an essential element and that the omission of this element from the indictment means that she can be convicted of only the least degree of the offense, pursuant to R.C. 2945.75(A).

{¶ 3} But Smith was not indicted for theft. Rather, the indictment charged her with robbery, and the trial court convicted her of the lesser included offense of theft, an offense of the fifth degree based on its finding of the value of the goods stolen. Smith's indictment for robbery necessarily put her on notice of the possibility that she could be found guilty of a lesser included offense. The state had no obligation to seek separate indictments for each of those lesser included offenses.

{¶ 4} In *State v. Childs* (2000), 88 Ohio St.3d 558, 564–565, 728 N.E.2d 379, we explained that "[t]he sufficiency of an indictment is subject to the requirements of Crim.R. 7 and the constitutional protections of the Ohio and federal Constitutions. Under Crim.R. 7(B), an indictment 'may be made in ordinary and concise

language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.' "

{¶ 5} We emphasized in *State v. Logan* (1979), 60 Ohio St.2d 126, 134–135, 14 O.O.3d 373, 397 N.E.2d 1345, that "[t]he General Assembly has the power to define criminal offenses in any manner it chooses, so long as it does not violate pertinent constitutional provisions."

{¶ 6} R.C. 2913.02(A) defines theft without reference to value and sets forth all that the state must prove to secure a conviction. Subsection (B)(2) of the statute classifies theft as a misdemeanor of the first degree but also states, "If the value of the property or services stolen is five hundred dollars or more and is less than five thousand dollars or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, a violation of this section is theft, a felony of the fifth degree."

{¶ 7} While the special findings identified in R.C. 2913.02(B)(2) affect the punishment available upon conviction for the offense, they are not part of the definition of the crime of theft set forth in R.C. 2913.02(A).

{¶ 8} We recently considered a jury's special enhancement finding in *State v. Fairbanks,* 117 Ohio St.3d 543, 2008-Ohio-1470, 885 N.E.2d 888, which concerned an enhancement to the offense of failing to comply with an order or signal of a police officer in violation of R.C. 2921.331(B). This statute's structure parallels that of the theft statute in that R.C. 2921.331(B) defines the offense as follows, "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop," while R.C. 2921.331(C)(3) classifies the offense as "a misdemeanor of the first degree." Moreover, R.C. 2921.331(C)(4) and (5) identify special findings that enhance the degree of the offense. For example, R.C. 2921.331(C)(5)(a) provides:

{¶ 9} "A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

{¶ 10} " * * *

{¶ 11} "(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."

{¶ 12} We stated, "If the trier of fact finds beyond a reasonable doubt that a substantial risk of serious physical harm to persons or property actually resulted from defendant's conduct, then the enhancement is established. This is purely a

question of fact concerning the consequences flowing from the defendant's failure to comply.  * * * It is analogous to determining whether the offense occurred in daylight or in darkness or whether the place where it occurred was dusty or wet. It is simply a finding of the presence or absence of a condition."  117 Ohio St.3d 543, 2008-Ohio-1470, 885 N.E.2d 888, ¶ 11.

{¶ 13} Similarly, we hold that the value of stolen property is not an essential element of the offense of theft but, rather, is a finding that enhances the penalty of the offense.  As such, it is submitted to a fact-finder for a special finding in order to determine the degree of the offense.

{¶ 14} Of course, had the grand jury returned an indictment against Smith for theft, due process would require that the indictment contain notice of the value of the property involved or the degree of the offense alleged.  See R.C. 2945.75(A)(1).  Value, together with other relevant enhancements contained in R.C. 2913.02, would then become the subject of a special finding by a fact-finder.

{¶ 15} However, in this case, the grand jury indicted Smith for robbery, not theft.  As we emphasized in *State v. Lytle* (1990), 49 Ohio St.3d 154, 157, 551 N.E.2d 950, when an indictment charges a greater offense, "the indictment or count necessarily and simultaneously charges the defendant with lesser included offenses as well."  Thus, because theft is a lesser included offense of robbery, the indictment for robbery necessarily included all of the elements of all lesser included offenses, together with any of the special, statutory findings dictated by the evidence produced in the case.

{¶ 16} Because Smith waived a jury, the court conducted a bench trial and found her not guilty of robbery but guilty of the lesser included offense of theft, a felony of the fifth degree.  The evidence adduced at trial indicated that the value of the stolen property was more than $500 and less than $5,000.  Accordingly, the trial court properly convicted her in conformity with the evidence and the law.

{¶ 17} Based on the foregoing, we adhere to our earlier decision affirming Smith's conviction for theft, a felony of the fifth degree.

Judgment accordingly.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, and CUPP, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

---

LANZINGER, J., dissenting.

{¶ 18} I respectfully dissent from the majority's conclusion that the value of stolen property is a "special finding" instead of an element of a theft offense.

{¶ 19} Here, the trial court convicted Smith of fifth-degree felony theft as a lesser included offense of second-degree felony robbery, even though the indictment for robbery did not include the value of the property allegedly taken.

{¶ 20} The majority opinion states that "R.C. 2913.02(A) defines theft without reference to value and sets forth all that the state must prove to secure a conviction." Majority opinion at ¶ 6. This is an incorrect statement. R.C. 2913.02(B)(2) defines the levels of theft offenses and sets forth an additional element, that of the value of the stolen goods, that the state must prove to convict a defendant of any theft offense greater than first-degree misdemeanor petty theft. That subsection begins, "Except as otherwise provided * * *, a violation of this section is petty theft, a misdemeanor of the first degree." R.C. 2913.02(B)(2).

{¶ 21} As felony theft is defined, the value of the stolen property is an essential element. R.C. 2913.02(B)(2) categorizes the levels of felony theft offenses on the basis of the value of the property stolen: if the property is worth $500 or more but less than $5,000, the theft is a felony of the fifth degree; if it is worth $5,000 or more but less than $100,000, the theft is a felony of the fourth degree; $100,000 or more but less than $500,000, the crime is aggravated theft and is a felony of the third degree; $500,000 or more but less than one million dollars, the crime is aggravated theft and is a felony of the second degree; one million dollars or more, the crime is aggravated theft of one million dollars or more and is a felony of the first degree. Because the value of the property stolen affects the degree of the offense and not just the punishment available upon conviction for the offense, it is an essential element of theft. See *State v. Allen* (1987), 29 Ohio St.3d 53, 55, 29 OBR 436, 506 N.E.2d 199 (an element elevates the degree of the offense; an enhancement provision increases only the penalty).

{¶ 22} No statute or case is offered to support the majority's conclusion that the value element, which is part of the definition of the offense itself and affects the level of the offense and potential punishment, is a "special finding." We have, in fact, held to the contrary. *State v. Edmondson* (2001), 92 Ohio St.3d 393, 398, 750 N.E.2d 587, citing *State v. Henderson* (1979), 58 Ohio St.2d 171, 173–174, 12 O.O.3d 177, 389 N.E.2d 494 (a factor that enhances the degree of the theft offense is an element that must be proved beyond a reasonable doubt).

{¶ 23} The indictment in this case did allege robbery rather than theft, as the majority points out. But this did not place Smith on notice that she could be convicted of more than petty theft as a lesser included offense, because the indictment did not allege the value of the property that was stolen. Unless the charging document states a specific degree of the offense *or alleges additional elements that would raise the level* of the offense, the charging document charges only the least degree of the offense. R.C. 2945.75(A)(1). The least degree of

theft is petty theft, a misdemeanor of the first degree. My analysis of this case would be different if the robbery indictment had alleged a property value of $500 or more. In that event, depending on the amount specified, Smith would have been on notice that she could be convicted of a lesser included offense of felony theft.

{¶ 24} Therefore, upon reconsideration of this case, I would hold that theft is a lesser included offense of robbery but that unless the charging document alleges the additional element of the value of the property stolen, the theft conviction may be for only the least level of the offense, that being a misdemeanor of the first degree.

PFEIFER, J., concurs in the foregoing opinion.

———————————

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Judith Anton Lapp, Assistant Prosecuting Attorney, for appellee.

Michaela M. Stagnaro, for appellant.