[Cite as *State v. Lewis*, 2019-Ohio-4193.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2019CA0009 |
| CODY M. LEWIS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Coshocton Municipal Court, Case No. CRB1800807 A-C

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 10, 2019

APPEARANCES:

For Plaintiff-Appellee

ROBERT SKELTON
Coshocton Law Director
760 Chestnut Street
Coshocton, OH 43812

For Defendant-Appellant

JAMES ONG
201 North Main Street
Uhrichsville, OH 44683

*Gwin, P.J.*

{¶1}　Defendant-appellant Cody M. Lewis ["Lewis"] appeals his sexual offender registration status after a no contest plea in the Coshocton County Municipal Court.

*Facts and Procedural History*

{¶2}　On or about October 15, 2018, Lewis was charged with three counts of Unlawful Sexual Conduct with a Minor, in violation of Ohio Revised Code 2907.04(B)(2), misdemeanors of the first degree.

{¶3}　On April 24, 2019, Lewis waived presentation of facts and stipulated to a finding of guilty. (T. at 6)[1]. Despite the waiver, the state introduced a statement of facts. (T. at 6-8). The state further informed the trial court as follows,

> MR. SKELTON:  I mean, this very easily could have been charged as three
>
> felonies.  So –
>
> THE COURT: But it wasn't?
>
> MR. SKELTON: It wasn't because it was sent to our office because the
>
> prosecutor assumed that he [Lewis] would get more jail time in Municipal
>
> Court than if he was charged with felonies.  So, that's why we took it up here.

T. at 3.

{¶4}　Lewis was sentenced to ninety days on Count One and Count Two; concurrent and ninety days on Count Three, consecutive to Counts One and Two. The Court impose a fine of $200 and court costs on Counts One and Two, and $200 without costs on Count Three.  In addition, the trial court ordered Lewis to register as a Tier I Sexual Offender, pursuant to Ohio Revised Code Section 2950.01(E)(1)(b).

---

[1] For clarity, the transcript of the April 24, 2019 *Change of Plea, Disposition, and Sexual Predator Hearing* will be referred to as "T."

*Assignment of Error*

**{¶5}** Lewis raises one assignment of error,

**{¶6}** "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN REQUIRING DEFENDANT-APPELLANT TO REGISTER AS A TIER I SEXUAL OFFENDER."

*Law and Analysis*

**{¶7}** In his sole assignment of error, Lewis argues that he pled to unlawful sexual conduct with a minor as a first-degree misdemeanor, which requires the offender to be less than four years older than the victim. Lewis further contends that because lack of consent to the sexual conduct is not an element of the crime itself the court may not consider a lack of consent in determining his sexual offender classification under R.C. 2950.01. [Appellant's Brief 3-5]. Therefore, Lewis argues that he could not be sentenced to register as a Tier I Sexual Offender.

**STANDARD OF APPELLATE REVIEW.**

**{¶8}** Lewis's arguments center on an issue of law, not the discretion of the trial court. "'When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate. *See Swartzentruber v. Orrville Grace Brethren Church,* 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 6; *Huntsman v. Aultman Hosp.*, 5th Dist. No. 2006 CA 00331, 2008-Ohio-2554, 2008 WL 2572598, ¶ 50.' *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13." *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶6. Because the assignment of error involves the interpretation of a statute, which is a question of law, we review the trial court's decision de novo. *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13; *Accord, State*

*v. Pariag,* 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9; *Hurt v. Liberty Township, Delaware County, OH,* 5th Dist. Delaware No. 17 CAI 05 0031, 2017-Ohio-7820, ¶ 31.

### ISSUE FOR APPEAL.

*Whether under Ohio law an offender convicted of a first-degree misdemeanor offense of Unlawful Sexual Conduct with a Minor in violation of R.C. 2904.07(a) and (b)(2) can be sentenced as a Tier I sex offender pursuant to R.C.2950.01(E)(1)(b).*

**{¶9}** In the case at bar, Lewis was originally charged with, pled no contest and was found guilty in the Coshocton County Municipal Court of three counts of Unlawful Sexual Conduct With a Minor, in violation of Ohio Revised Code 2907.04(B)(2), misdemeanors of the first degree. Lewis is more than four years older than his victim is. T. at 7. However, the state voluntarily chose to charge Lewis with misdemeanor violations because the prosecutor assumed that Lewis would get more jail time in Municipal Court than if he was charged with felonies. T. at 3. The decision whether to prosecute and what charge to file is within the prosecutor's discretion. *See State ex rel. Jones v. Garfield Heights Municipal Court*, 77 Ohio St.3d 447, 448, 1997–Ohio–256, 674 N.E.2d 1381, *citing Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996–Ohio–389, 667 N.E.2d 1197. Such decisions are not normally subject to judicial review. Id.

**Sexual-offender Reporting and Notification Requirements Increase the Punishment on the Person Convicted.**

**{¶10}** The sex-offender reporting and notification requirements contained in R.C. Chapter 2950 are punitive in nature because they impose additional criminal punishment on those convicted of sexually oriented offenses. *State v. Williams*, 88 Ohio St.3d 513, 528,

728 N.E.2d 342 (2000); *State v. Raber,* 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶23.

{¶11} The offense of unlawful sexual conduct with a minor in violation of R.C. 2907.04 qualifies as a "sexually oriented offense" under the following circumstances set forth in R.C. 2950.01(A):

(A) "Sexually oriented offense" means any of the following violations or offenses committed by a person, regardless of the person's age:

(1) A violation of section 2907.02, 2907.03, 2907.05, 2907.06, 2907.07, 2907.08, 2907.21, 2907.22, 2907.32, 2907.321, 2907.322, or 2907.323 of the Revised Code;

*(2) A violation of section 2907.04 of the Revised Code when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct, the other person did not consent to the sexual conduct, and the offender previously has not been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised Code;*

(3) A violation of section 2907.04 of the Revised Code when the offender is at least four years older than the other person with whom the offender engaged in sexual conduct or when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct and the offender previously has been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised Code;

* * *

{¶12}  R.C. 2950.01(E)(1)(b) provides that a person who commits unlawful sexual conduct with a minor in violation of R.C. 2907.04 is a Tier I sex offender when:

(E) "Tier I sex offender/child-victim offender" means any of the following:

(1) A sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to any of the following sexually oriented offenses:

* * *

(b) A violation of section 2907.04 of the Revised Code *when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct, the other person did not consent to the sexual conduct,* and the offender previously has not been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised Code;

* * *

{¶13}  Under current law, an offender who commits a sexually oriented offense is found to be either a "sex offender" or a "child-victim offender."  Depending on what crime the offender committed, they are placed in Tier I, Tier II or Tier III.  The tiers dictate what the registration and notification requirements are.  R.C. 2950.01.  Judges no longer have discretion to determine which classification best fits the offender.  *See, State v. Bodye,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶22.  Unlike the earlier "labeling" classification system under Megan's Law, 146 Ohio Laws, Part II, 2560, in which a judge

could consider the characteristics of an offender before sentencing, "tier" classification is based solely upon the offense for which a person is convicted and the judge has no discretion to modify the classification. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 20. *Accord, State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, 48 N.E.3d 516, ¶11.

**{¶14}** The elements of the offense of Unlawful Sexual Conduct with a Minor exist when a person who is eighteen years of age or older engages in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard. R.C. 2907.04(A).

**{¶15}** However, as can be observed from R.C. 2907.04, neither the relative age difference between the victim and the other person nor whether the sexual conduct was consensual or non-consensual are elements of the crime of Unlawful Sexual Conduct with a Minor. R.C. 2907.04 defines the offense of Unlawful Sexual Conduct with a Minor, without reference to the degree of the crime or act committed by the person and sets forth all that the state must prove to secure a conviction. However, R.C. 2907.04 further provides for different degrees of the offense,

> (B) Whoever violates this section is guilty of unlawful sexual conduct with a minor.

> (1) Except as otherwise provided in divisions (B)(2), (3), and (4) of this section, unlawful sexual conduct with a minor is a *felony of the fourth degree*.

(2) Except as otherwise provided in division (B)(4) of this section, if the offender is less than four years older than the other person, unlawful sexual conduct with a minor is a *misdemeanor of the first degree.*

(3) Except as otherwise provided in division (B)(4) of this section, if the offender is ten or more years older than the other person, unlawful sexual conduct with a minor is a *felony of the third degree.*

(4) If the offender previously has been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised Code, unlawful sexual conduct with a minor is a *felony of the second degree.*

Emphasis added. Similarly, R.C. 2950.01(A) defines a "sexually oriented offense" as one in which the offender is *less than four years older than the other person and the other person did not consent."* Thus, Lewis would properly be classified as a Tier I sex offender if he was less than four years older than his victim, and the sexual conduct was *not consensual;* and he would not be properly classified as a sex offender at all and would have no registration/reporting requirements if he was less than four years older than his victim and the sexual conduct *was consensual.*

{¶16}  Earlier this year, the United States Supreme Court emphasized that "[a]s this Court has repeatedly explained, any 'increase in a defendant's authorized punishment contingent on the finding of a fact' requires a jury and proof beyond a reasonable doubt * * *." *United States v. Haymond,* —— U.S. ——, 139 S.Ct. 2369, 2379, 204 L.Ed.2d 897 (2019), *quoting Ring v. Arizona,* 536 U. S. 584, 602, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).  In the case at bar, as already noted the difference is whether Lewis is required to

register as a Tier I sexual offender or is not required to register at all. Thus, it can hardly be denied that the finding concerning whether or not the sexual conduct was consensual has the potential to increase Lewis's punishment.

{¶17} As the Ohio Supreme Court has observed in an analogous situation,

R.C. 2913.02(A) defines theft without reference to value and sets forth all that the state must prove to secure a conviction. Subsection (B)(2) of the statute classifies theft as a misdemeanor of the first degree but also states, "If the value of the property or services stolen is five hundred dollars or more and is less than five thousand dollars or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, a violation of this section is theft, a felony of the fifth degree."

While the special findings identified in R.C. 2913.02(B)(2) affect the punishment available upon conviction for the offense, they are not part of the definition of the crime of theft set forth in R.C. 2913.02(A).

We recently considered a jury's special enhancement finding in *State v. Fairbanks*, 117 Ohio St.3d 543, 2008-Ohio-1470, 885 N.E.2d 888, which concerned an enhancement to the offense of failing to comply with an order or signal of a police officer in violation of R.C. 2921.331(B). This statute's structure parallels that of the theft statute in that R.C. 2921.331(B) defines the offense as follows, "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop," while R.C. 2921.331(C)(3) classifies the offense as "a misdemeanor of the

first degree." Moreover, R.C. 2921.331(C)(4) and (5) identify special findings that enhance the degree of the offense. For example, R.C. 2921.331(C)(5)(a) provides:

"A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

" * * *

"(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."

We stated, "If the trier of fact finds beyond a reasonable doubt that a substantial risk of serious physical harm to persons or property actually resulted from defendant's conduct, then the enhancement is established. This is purely a question of fact concerning the consequences flowing from the defendant's failure to comply. * * * It is analogous to determining whether the offense occurred in daylight or in darkness or whether the place where it occurred was dusty or wet. It is simply a finding of the presence or absence of a condition." 117 Ohio St.3d 543, 2008-Ohio-1470, 885 N.E.2d 888, ¶ 11.

*Similarly, we hold that the value of stolen property is not an essential element of the offense of theft but, rather, is a finding that enhances the penalty of the offense. As such, it is submitted to a fact-finder for a special finding in order to determine the degree of the offense.*

*State v. Smith*, 121 Ohio St.3d 409, 2009–Ohio–787, 905 N.E.2d 151, ¶¶ 6-13. (Emphasis added.).

{¶18}  R.C. 2950.01(A) clearly sets forth the special finding a fact-finder must find in order to determine the sexual offender registration requirements.  As it relates to the case at bar, that the sexual conduct was or was not consensual.  As the Ohio Supreme Court has observed in *Smith,* the relative ages of the parties to one another and whether the sexual conduct was or was not consensual is to be submitted to the fact-finder for a special finding in order to determine not only the degree of the offense but also the sexual offender reporting requirements under R.C. 2950.01(E)(1)(b).

{¶19}  Because the trial court ordered Lewis to register as a Tier I sexual offender in accordance with the misdemeanor conviction for Unlawful Sexual Conduct with a minor pursuant to R.C. 2907.04(B)(2), the only issue is whether or not the sexual conduct was consensual.

{¶20}  On that issue, prior to accepting Lewis' plea the state presented an explanation of the circumstances of the offense.  R.C. 2937.07, which governs the taking of misdemeanor pleas, provides that in pleading no contest to a misdemeanor, "it shall constitute a stipulation that the judge * * * may make a finding of guilty or not guilty from the explanation of circumstances [.]"  See *State v. Waddell*, 71 Ohio St.3d 630, 631, 646 N.E.2d 821(1995).  A no contest plea may not be the basis for a finding of guilt without an explanation of circumstances that includes a statement of the facts that support all of the essential elements of the offenses.  *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 151, 459 N.E.2d 532(1984).The right to an explanation of circumstances is not abrogated by Crim.R. 11. *Cuyahoga Falls v. Bowers* 9 Ohio St.3d 148, 150, 459 N.E.2d 532(1984).

**{¶21}** In the case at bar, the state provided the following explanation of circumstances,

The state wants to put not only the victim's requests on the record but also some of the facts. The victim's mother wants a no-contact order, wants the defendant to have to register, wants the Court to know that her daughter has had this day burned into her memory. She has been through depression, suicidal. She has been going to two counseling meetings every week. She's distraught over this.

The facts of the case are that on — the defendant was friends with her older brother. And, using that trust, entered the home. While the young girl was asleep, he entered her bedroom, woke her up, began to kiss her. That was the first time.

The next time he began to kiss her and fondle her. The next time he comes in, and according to the victim's statements, she told him no, but he said it would be all right, and he proceeded to have sex with her.

The time after that, the brother was out getting something from his truck, and he stuck his penis in her mouth.

And then the time after that, the brother was upstairs talking to the mother, and he violated her from behind.

This girl — you know, the offense clearly fits an F-4. She was over 14, but he was more than four years older than her. She is now scarred for life. And, you know, the fact that we are going to impose upon him for the next 15 years that he has to register as an offender, good. I think everybody who has

a 14-year-old daughter wants him registering as an offender so they know where he is at, so he is nowhere around them. And that's a good thing. But how this offense can destroy a young girl like that and not qualify for jail time, I just have no idea. I mean, why do we have a jail if we're not going to put people in it who destroy someone's life like he has. That's why we have jails, to keep put people in it who destroy someone's life like he has. That's why we have jails, to keep predators like him from the rest of our law-abiding society. I mean, if we're not going to put him in jail, who do we put in jail?

 T. at 6-8.

{¶22} Lewis did not object, request a hearing or present evidence to challenge the state's facts. Although the trial court did not expressly mention it, the state's rendition of the facts clearly support a finding that the sexual conduct was not consensual. Although the issue of whether the sexual conduct was consensual under R.C. 2950.01(E)(1)(b) is a special finding a fact-finder must find in order to determine the sexual offender reporting requirements of the offense, because the trial court was the trier of fact in this case, the trial court could properly determine the issue of consent or lack thereof.

**Conclusion.**

{¶23} The trial court properly ordered Lewis to be classified as a Tier I sexual offender in accordance with R.C. 2950.01(E)(1)(b). Lewis's sole assignment of error is overruled.

**{¶24}**  The judgment of the Coshocton County Municipal Court is affirmed.

By Gwin, P.J.,

Wise, John, J., and

Wise, Earle E., J., concur

.