THE STATE OF OHIO, APPELLEE, *v.* ADKINS, APPELLANT.

[Cite as *State v. Adkins,* 129 Ohio St.3d 287, 2011-Ohio-3141.]

*Criminal law — R.C. 2901.08 and 4511.19(A)(1)(a) — Juvenile adjudication as supporting an enhanced penalty in cases of driving while under the influence — R.C. 2901.08 is not retroactive — Judgment affirmed.*

(No. 2010-0465 — Submitted April 20, 2011 — Decided July 5, 2011.)

APPEAL from the Court of Appeals for Delaware County, No. 09 CAA 02 0012, 2010-Ohio-307.

_____

**PFEIFER, J.**

{¶ 1}  The issue we address in this case is whether a pre-January 1, 1996 juvenile adjudication can be considered one of the five prior similar offenses necessary to enhance an R.C. 4511.19(A)(1)(a) charge for operating a motor vehicle while under the influence of alcohol ("OVI").  Under R.C. 4511.19(G)(1)(d), an OVI is a fourth-degree felony if the defendant has been convicted of or pleaded guilty to five OVIs in 20 years.  Pursuant to R.C. 2901.08, effective January 1, 1996, a prior juvenile adjudication constitutes a prior conviction for purposes of R.C. 4511.19(G)(1)(d).  Appellant argues that only juvenile adjudications that occur after the effective date of R.C. 2901.08 may be considered prior convictions under 4511.19(G)(1)(d).  We reject that argument and affirm the judgment of the court of appeals.

**Factual and Procedural Background**

{¶ 2}  On September 14, 2007, defendant-appellant, Gary Adkins, was indicted for an OVI violation under R.C. 4511.19(A)(1)(a).  Pursuant to R.C. 4511.19(G)(1)(d), he was charged with a fourth-degree felony based upon the

allegation that he had been previously convicted of or pleaded guilty to five or more OVI offenses within the previous 20 years.

{¶ 3} Specifically, the indictment alleged that Adkins had been convicted of six prior OVI offenses, including a November 20, 1987 adjudication in Delaware County Juvenile Court, where Adkins had been adjudicated "a juvenile traffic offender as a result of Alcohol Concentration, Fleeing an Officer and Failure to Maintain Assured Distance." Whether that adjudication could properly be considered a prior offense is the issue in this case.

{¶ 4} Adkins filed a motion to dismiss the indictment, asserting that it lacked the sufficient number of qualifying prior convictions to support a felony charge. He targeted three of the convictions, including the juvenile adjudication, as invalid for purposes of enhancement; the court ultimately found that one of the convictions was not a valid prior conviction for purposes of enhancement under R.C. 4511.19(G)(1)(d), but that the others, including the juvenile adjudication, were valid. Thus, the court's ruling left a total of five admissible convictions for purposes of enhancement under R.C. 4511.19(G)(1)(d), and the court denied Adkins's motion to dismiss.

{¶ 5} Adkins pleaded no contest to the charge, and the trial court found Adkins guilty. Adkins appealed his conviction to the Delaware County Court of Appeals, alleging, inter alia, that the juvenile adjudication could not be considered a prior offense supporting a felony conviction. The appellate court affirmed Adkins's conviction. *State v. Adkins*, Delaware App. No. 09 CAA 02 0012, 2010-Ohio-307, ¶ 17.

{¶ 6} The matter is before this court upon the acceptance of a discretionary appeal. *State v. Adkins*, 126 Ohio St.3d 1551, 2010-Ohio-3855, 932 N.E.2d 343.

**Law and Analysis**

2

**{¶ 7}** R.C. 4511.19(G)(1)(d) employs a 20-year look-back to previous convictions and enhances an OVI charge if a defendant has five or more previous, similar violations: "[A]n offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree."

**{¶ 8}** Effective January 1, 1996, R.C. 2901.08 includes prior juvenile adjudications as previous convictions for purposes of enhancement of subsequent charges:

**{¶ 9}** "(A) If a person is alleged to have committed an offense and if the person previously has been adjudicated a delinquent child or juvenile traffic offender for a violation of a law or ordinance, * * * the adjudication as a delinquent child or as a juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person relative to the conviction or guilty plea."

**{¶ 10}** Although Ohio juvenile proceedings do not result in criminal convictions — a juvenile court proceeding is a civil action, *In re Anderson* (2001), 92 Ohio St.3d 63, 748 N.E.2d 67, syllabus, and juveniles are "adjudicated delinquent" rather than "found guilty," *State v. Hanning* (2000), 89 Ohio St.3d 86, 89, 728 N.E.2d 1059 — R.C. 2901.08 provides that an offender's juvenile adjudication for OVI-type offenses can be used against him under the five-convictions threshold of R.C. 4511.19(G)(1)(d).

**{¶ 11}** Adkins argues that an application of R.C. 2901.08 to his case would require a retrospective application of the statute, which the General Assembly did not authorize. Alternatively, he argues that as applied to him, R.C. 2901.08 is unconstitutionally retroactive because it impermissibly reaches back to

his juvenile adjudication and enhances its consequences, converting a civil disposition into the basis for charging him with an adult felony.

{¶ 12} R.C. 1.48 establishes that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws. Despite Adkins's contention otherwise, R.C. 2901.08 and its application in this case run afoul of neither R.C. 1.48 nor the Ohio Constitution.

{¶ 13} First, the law is not retrospective. It applies only to offenses that occur after the effective date of the statute. R.C. 2901.08 begins, "If a person is alleged to have committed an offense"; only those persons who commit an offense after January 1, 1996, can have juvenile adjudications count against them for the purpose of considering the degree of the new offense and the potential punishment for it. R.C. 2901.08 has no effect until a new OVI offense occurs – then, a court can look at both a defendant's adult and juvenile records. "[W]hen the application of a statute to the case before us involves only a prospective operation, we will not entertain a retroactivity claim under Section 28, Article II." *E. Liverpool v. Columbiana Cty. Budget Comm.*, 114 Ohio St.3d 133, 2007-Ohio-3759, 870 N.E.2d 705, ¶ 31.

{¶ 14} Still, even with statutes that apply prospectively, this court has shown the willingness to also address claims of retroactivity: "In *Van Fossen* [*v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 105, 522 N.E.2d 489], this court stated that the constitutional limitation against retroactive laws ' "include[s] a prohibition against laws which commenced on the date of enactment and which operated in futuro, but which, in doing so, divested rights, particularly property rights, which had been vested anterior to the time of enactment of the laws." ' [Id.], quoting Smead, The Rule Against Retroactive Legislation: A Basic Principle of Jurisprudence (1936), 20 Minn.L.Rev. 775, 781–782." *Tobacco Use*

4

*Prevention & Control Found. Bd. of Trustees v. Boyce*, 127 Ohio St.3d 511, 2010-Ohio-6207, 941 N.E.2d 745, ¶ 14.

{¶ 15} R.C. 2901.08 is not unconstitutionally retroactive. "The retroactivity clause nullifies those new laws that 'reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective].' *Miller v. Hixson* (1901), 64 Ohio St. 39, 51, 59 N.E. 749, 752." *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 352-353, 721 N.E.2d 28. Adkins's contention that an additional burden—an enhancement on a future charge—is placed upon the juvenile adjudication is unavailing. Adkins is not being punished for a previous juvenile adjudication; he is being punished for his current offense. As the United States Supreme Court has held, "When a defendant is given a higher sentence under a recidivism statute—or for that matter, when a sentencing judge, under a guidelines regime or a discretionary sentencing system, increases a sentence based on the defendant's criminal history—100% of the punishment is for the offense of conviction. None is for the prior convictions or the defendant's 'status as a recidivist.' The sentence 'is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one.' *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948)." *United States v. Rodriquez* (2008), 553 U.S. 377, 386, 128 S.Ct. 1783, 170 L.Ed.2d 719.

{¶ 16} Adkins's juvenile disposition remains untouched: "Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes which are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction." *Nichols v. United States* (1994), 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d 745.

{¶ 17} R.C. 2901.08 did not change Adkins's juvenile adjudication; it merely added another type of legal violation as an aggravating offense under R.C.

4511.19(G)(1)(d). Prior to the passage of R.C. 2901.08, at least one appellate court had held that juvenile adjudications could not be considered previous OVI convictions for purposes of enhancement. *State v. Blogna* (1990), 60 Ohio App.3d 141, 573 N.E.2d 1223, syllabus. In that case, the court held that the defendant's delinquency adjudication could not be used as an enhancement under 4511.19 due to the difference between an adult conviction and a juvenile adjudication. Id. at 143. R.C. 2901.08 statutorily overturned that holding and clarified the law. It did nothing to Adkins's record — it simply made clear that for enhancement purposes, courts could consider a juvenile adjudication as a conviction.

{¶ 18} Adkins had notice of the change in R.C. 2901.08 long before he committed the offense that brings him to this court. "Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Weaver v. Graham* (1981) 450 U.S. 24, 30, 101 S.Ct. 960, 67 L.Ed.2d 17. The increase in punishment provided for in R.C. 2901.08 was established before Adkins committed the offense at issue.

{¶ 19} R.C. 2901.08 does not require any change to Adkins's juvenile record; that record is unaffected. Upon the commission of a new OVI offense, his juvenile adjudication is equivalent to a "conviction for a violation of the law or ordinance" for purposes of criminal-enhancement statutes, but it remains a juvenile adjudication. Id.

{¶ 20} Because R.C. 2901.08 is applied prospectively and is not unconstitutionally retroactive, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

6

_____

Carol O'Brien, Delaware County Prosecuting Attorney, and  Brian Walter, Assistant Prosecuting Attorney, for appellee.

Robert E. Cesner Jr., for appellant.

_____