Cupp, J.,
dissenting.
{¶ 31} Because I believe that the majority opinion’s reasoning is fundamentally flawed and undermines well-settled precedent in a way that will lead to substantial negative consequences in areas of the criminal law beyond those involving sex offenders, I respectfully dissent.
{¶ 32} I would adopt the state’s proposition of law, which asserts that current R.C. 2950.99, enacted by Am.Sub.S.B. No. 97 (“S.B. 97”), effective January 1, 2008, “is not applied retroactively when the conduct for which a defendant is convicted and sentenced occurred after the effective date of the statute.”
{¶ 33} I agree with the well-reasoned partial dissent of Judge Stewart in State v. Page, 8th Dist. No. 94369, 2011-Ohio-83, 2011 WL 208290:
The enhanced penalty provision [of S.B. 97] is not couched in terms of the new classifications. It refers only to “violations” of the reporting statutes, not to the type of tier offender involved. Moreover, there is no question that the General Assembly could validly pass a law that prospec *476 tively enhances a penalty for repeat offenders. As the First District Court of Appeals noted when addressing a similar issue regarding a sentencing enhancement, “[the statute] is not violative of the constitutional prohibition against ex post facto laws because it is not ‘retrospective,’ i.e., it does not ‘change * * * the legal consequences of acts completed before its effective date,’ but simply mandates an enhanced penalty for acts committed after the effective date of the provision if the defendant has previously been convicted[.]” State v. Clark (Aug. 5, 1992), 1st Dist. No. C-910541 [1992 WL 188535].
Id. at ¶ 16 (Stewart, J., concurring in part and dissenting in part).
{¶ 34} I also agree with the reasoning of State v. Freeman, 1st Dist. No. C-100389, 2011-Ohio-4357, 2011 WL 3847251:
The penalty provisions contained in current R.C. 2950.99 became effective January 1, 2008. Freeman pleaded guilty to failing to notify the sheriff of an address change on or about October 15, 2009. Although Freeman’s duty to register stemmed from his sex offense, his failure to notify the sheriff of an address change was a new offense that he had committed after the effective date of current R.C. 2950.99’s penalty provisions. Therefore, current R.C. 2950.99 was not applied retroactively to Freeman’s conduct.
(Footnote omitted.) Id. at ¶ 18.
{¶ 35} In State v. Cook, 83 Ohio St.3d 404, 421, 700 N.E.2d 570 (1998), we recognized that despite statutory changes, the type of punishment at issue in this case “flows from a failure to register, a new violation of the statute, not from a past sex offense,” so “the punishment is not applied retroactively for an act that was committed previously, but for a violation of law committed subsequent to the enactment of the law.” (Emphasis added.) See also State v. Adkins, 129 Ohio St.3d 287, 2011-Ohio-3141, 951 N.E.2d 766, ¶ 18 (there is no ex post facto violation when an increase in punishment is established before an offense is committed).
{¶ 36} The majority cites Cook and Adkins in its partial application of those precedents, but fails to appreciate that the principles stated in those decisions definitively require the penalties of current R.C. 2950.99 to fully apply in this case.
{¶ 37} The majority states, “When [Am.Sub.S.B. No.] 5 increased the punishment for a violation of R.C. 2905.05, Howard had not yet committed any such violation. He also had notice of the increased severity of a violation * * *.” *477 Majority opinion at ¶ 26. The majority further states that, consistent with Adkins, “the increase in punishment in R.C. 2950.99 was established [in S.B. 5] before Howard violated former R.C. 2950.05,” majority opinion at ¶ 27, so that there can be no ex post facto violation.
Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellant.
Marshall G. Lachman, for appellee.
William D. Mason, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, urging reversal for amicus curiae, Cuyahoga County Prosecutor’s Office.
{¶ 38} The majority’s statements regarding S.B. 5 also apply with equal force to the changes to R.C. 2950.99 accomplished by S.B. 97. The situation is exactly the same, and the same principles govern the analysis. Consequently, when S.B. 97 increased the punishment for a violation of R.C. 2905.05, “Howard had not yet committed any such violation,” and he therefore can appropriately be subject to the penalties of current R.C. 2950.99.
{¶ 39} I would fully reverse the judgment of the court of appeals and would hold that current R.C. 2950.99 should govern the penalty for the sex offender in this case. Current R.C. 2950.99 should also govern the penalty for other similarly situated sex offenders.
O’Donnell, J., concurs in the foregoing opinion.