[Cite as *State v. Morris*, 2014-Ohio-5578.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO

      Plaintiff-Appellant

v.

RYAN O. MORRIS

      Defendant-Appellee

Appellate Case No.    26051

Trial Court Case No.   2013-CR-570

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 19th day of December, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellant

KRISTINE E. COMUNALE, Atty. Reg. No. 0062037, 117 South Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Plaintiff-appellant, the State of Ohio, appeals from the sentence imposed by Montgomery County Court of Common Pleas after defendant-appellee, Ryan O. Morris, pled no contest to failure to notify in violation of R.C. 2905.05(A) and (F)(1).   The State contends that pursuant to R.C. 2929.13(F)(6), Morris should have been sentenced to a mandatory prison term as opposed to community control sanctions.   For the reasons outlined below, the judgment of the trial court will be reversed and remanded for further proceedings consistent with this opinion.

**Facts and Course of Proceedings**

{¶ 2}    On January 7, 2009, Morris was adjudicated a juvenile delinquent for rape, a felony of the first degree, in Hamilton County Juvenile Court Case No. 09-000216.   Morris was thereafter designated a Tier III juvenile sexual offender and was required to provide notice of any change of his residence to the sheriff with whom he most recently registered his address.   On January 15, 2013, Morris reported to the Montgomery County Sheriff's Office and registered his address at the Glover Youth Home in Dayton, Ohio.   Approximately a month later, Morris left the Glover Youth Home without notifying the sheriff of his new address.   As a result, on May 3, 2013, a Montgomery County Grand Jury indicted Morris for one count of failure to notify in violation of R.C. 2950.05(A) and (F)(1), a felony of the first degree.

{¶ 3}    Following his indictment for failure to notify, Morris filed a motion on July 9, 2013, asking the trial court to rule that R.C. 2950.99 solely governs sentencing for violations of R.C. 2950.05 and that the general felony sentencing guidelines set forth in R.C. 2929.13 do not

apply. Morris also asked the court to rule that under R.C. 2950.99, a prison sentence is not mandatory for his violation because he is a first-time violator of R.C. 2950.05, and R.C. 2950.99 only requires repeat offenders to serve mandatory prison time. In response, the State filed a memorandum in opposition arguing that the trial court should sentence Morris pursuant to R.C. 2929.13, because R.C. 2950.99 is silent on sentencing first-time offenders, and further contended that R.C. 2929.13(F)(6) prescribes a mandatory prison term.

**{¶ 4}** The trial court ruled in favor of Morris finding that R.C. 2950.99 is the applicable sentencing statute. In its written decision, the trial court cited the Ohio Legislative Service Commission's bill analysis of 2003 Am.Sub.S.B. No.5, and found that the legislative intent in amending R.C. 2950.99 in 2003 was to provide an increased penalty for repeat offenders. In so holding, the trial court determined that if it were to apply R.C. 2929.13(F)(6) in sentencing Morris, a first-time offender, Morris would be subject to the same sentence mandated for repeat offenders, and that this would go against the legislature's intent to provide an increased penalty for repeat offenders.

**{¶ 5}** The trial court also held that R.C. 2950.99 is ambiguous because it is silent on sentencing first-time offenders. The trial court determined that the ambiguity lies in whether it should look to R.C. 2929.13 to sentence Morris, or whether R.C. 2950.99 leaves the sentence to the court's discretion. Given this ambiguity, the trial court concluded that under the rule of lenity, the statute should be strictly construed against the State and liberally construed in favor of Morris. Accordingly, the trial court held R.C. 2950.99 was controlling.

**{¶ 6}** After the trial court issued its decision, on October 9, 2013, Morris pled no contest to violating R.C. 2950.05(A) and (F)(1). During the plea hearing, the State noted on the

record its objection to the trial court's ruling on the sentencing issue. The State also noted its objection on the plea form and noted that it preserved its right to appeal the sentence imposed by the trial court.

{¶ 7} On January 8, 2014, the trial court sentenced Morris to community control sanctions not to exceed five years. Shortly thereafter, the State appealed the sentence. Following the appeal, on May 2, 2014, the trial court revoked Morris's community control sanctions for violating the conditions thereof and sentenced him to three years in prison.

{¶ 8} The State now appeals from the trial court's original sentence imposing community control sanctions, raising one assignment of error for review.

**Assignment of Error**

{¶ 9} The State's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN SENTENCING MORRIS TO COMMUNITY CONTROL SANCTIONS WHEN UNDER R.C. 2929.13(F)(6) HE WAS SUBJECT TO A MANDATORY TERM OF INCARCERATION.

{¶ 10} Under its single assignment of error, the State contends the trial court erred in sentencing Morris under R.C. 2950.99 as opposed to R.C. 2929.13(F)(6). According to the State, pursuant to R.C. 2929.13(F)(6), Morris should have been sentenced to a mandatory prison term of at least three years, not community control sanctions. We agree.

{¶ 11} At the outset, we note that Morris contends the determination of this matter is moot because he has since had his community control sanctions revoked on May 2, 2014, and was subsequently sentenced to a three-year prison term. Based on the record before us, we do

not find this appeal to be moot. Morris is currently serving a non-mandatory three-year prison sentence as a result of his community control violation. This is not the same sentence he would have received had the trial court initially applied R.C. 2929.13(F)(6) when sentencing him for failure to notify. Under R.C. 2929.13(F)(6), Morris would have instead been subject to a *mandatory* minimum of three years in prison. Accordingly, there remains a sentencing issue in controversy.

{¶ 12} That said, we now turn to the language of R.C. 2929.13(F)(6), which provides that a prison term is mandatory where a defendant is convicted of "any offense that is a first or second degree felony * * * if the offender previously was convicted of or pleaded guilty to * * * any first or second degree felony[.]" A juvenile adjudication is equivalent to a conviction for purposes of enhancing a defendant's subsequent charges and sentences. R.C. 2901.08(A); *State v. Adkins*, 129 Ohio St. 3d 287, 2011-Ohio-3141, 951 N.E.2d 766, ¶ 8, 19; *State v. Smith*, 2d Dist. Montgomery No. 25916, 2014-Ohio-3511, ¶ 6.

{¶ 13} In this case, Morris has a prior juvenile adjudication for first-degree felony rape and was thereafter required to notify the sheriff of any changes in his address pursuant to R.C. 2950.05. Morris's subsequent violation of R.C. 2950.05 for failing to notify the sheriff of his change of address is also a first degree felony. Specifically, R.C. 2950.99(A)(1)(a)(ii) provides that:

(A)(1)(a) Except as otherwise provided in division (A)(1)(b) of this section, whoever violates a prohibition in section * * * 2950.05, * * * of the Revised Code shall be punished as follows:

* * *

(ii) If the most serious sexually oriented offense or child-victim oriented offense that was the basis of the registration, notice of intent to reside, change of address notification, or address verification requirement that was violated under the prohibition is a felony of the first, second, third, or fourth degree if committed by an adult or a comparable category of offense committed in another jurisdiction, the offender is guilty of a felony of the same degree as the most serious sexually oriented offense or child-victim oriented offense that was the basis of the registration, notice of intent to reside, change of address, or address verification requirement that was violated under the prohibition, or, if the most serious sexually oriented offense or child-victim oriented offense that was the basis of the registration, notice of intent to reside, change of address, or address verification requirement that was violated under the prohibition is a comparable category of offense committed in another jurisdiction, the offender is guilty of a felony of the same degree as that offense committed in the other jurisdiction would constitute if committed in this state.

{¶ 14} Since the offense that was the basis of Morris's notification requirement–rape–was a felony of the first degree, Morris's violation of R.C. 2950.05 is likewise a felony of the first degree. Because Morris's violation of R.C. 2950.05 is a first-degree felony and he has a prior adjudication for first-degree felony rape, under R.C. 2929.13(F)(6) and R.C. 2929.14(A)(1), Morris was subject to, at the very least, a mandatory minimum three-year prison term.

{¶ 15} Morris, however, contends that his sentence for failing to notify is not governed

by the foregoing felony sentencing statutes. Rather, he claims his sentence is governed solely by the sentencing scheme established in R.C. 2950.99. We note that section (A)(2)(b) of R.C. 2950.99 imposes a mandatory prison term of no less than three years for repeat violators of R.C. 2950.05, but does not address the appropriate sentence for first-time offenders of R.C. 2950.05. In support of applying R.C. 2950.99 as opposed to the felony sentencing statutes, Morris contends that R.C. 2950.99 is a more specific sentencing statute that controls over the general felony sentencing statutes. Morris also relies on the trial court's reasoning that the legislative history and ambiguity created by R.C. 2950.99's silence on sentencing first time offenders requires the court to interpret the statute in favor of Morris and apply it as opposed to the felony sentencing statutes.

{¶ 16} However, under the doctrine of stare decisis, we are required to follow our opinion in *State v. Ashford*, 2d Dist. Montgomery No. 23311, 2010-Ohio-1681, in which we held that it is appropriate for a trial court to turn to the felony sentencing statutes when sentencing first-time violators of R.C. 2950.05 given that R.C. 2950.99 is silent on that issue. *Id*. at ¶ 10.

{¶ 17} The facts of *Ashford* are almost identical to the present case. In *Ashford*, the defendant pled no contest to violating R.C. 2950.05(A) and (F)(1) for failing to notify the sheriff of his change of address. *Id.* at ¶ 1. The defendant's duty to provide notice of a change of address stemmed from a prior first-degree felony rape conviction. *Id*. The trial court found the defendant guilty of violating R.C. 2950.05 and sentenced him to a mandatory minimum of three years in prison under the felony sentencing statutes. *Id*. Thereafter, the defendant appealed and argued that his sentence for failure to notify is governed solely by the sentencing scheme established in R.C. 2950.99. *Id*. at ¶ 2-4. In response, we stated that:

Although R.C. 2950.99(A)(2)(b) imposes a minimum mandatory prison sentence for certain repeat offenders, R.C. 2950.99(A) does not address the appropriate sentence for a defendant who, for the first time, has violated R.C. 2950.05.

Ashford was required to notify the sheriff of his change of address due to a conviction for rape, a first degree felony. In accordance with R.C. 2950.99(A)(1)(a), Ashford's violation of R.C. 2950.05 was likewise a first degree felony. Because R.C. 2950.99 did not address, much less mandate, the sentence for a first-time violator of R.C. 2950.05, the trial court appropriately turned to the felony sentencing statutes to determine Ashford's sentence.

The sentencing range for a first degree felony is three to ten years. R.C. 2929.14. R.C. 2929.13(F)(6) requires the prison to be mandatory if, as in Ashford's case, "the offender previously was convicted of or pleaded guilty to * * * any first or second degree felony * * *." Since Ashford was found guilty of failure to notify, a first degree felony, and had previously been convicted of a first degree felony (rape), his sentence was mandatory. Accordingly, the trial court did not err in sentencing Ashford to a mandatory, three-year prison term.

*Ashford*, 2d Dist. Montgomery No. 23311, 2010-Ohio-1681 at ¶ 9-11.

**{¶ 18}** Based on our holding in *Ashford*, and because R.C. 2950.99 is silent as to how to sentence first-time offenders of R.C. 2950.05, we conclude that the trial court should have relied on the felony sentencing statutes. In applying the felony sentencing statutes to this case, specifically R.C. 2929.13(F)(6) and R.C. 2929.14(A)(1), Morris was subject to a mandatory

prison term of at least three years.

{¶ 19}   The State's sole assignment of error is sustained.


## Conclusion

{¶ 20}   Having sustained the State's sole assignment of error, the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.


. . . . . . . . . . . . .

FROELICH, P.J. and HALL, J., concur.



Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Kristine E. Comunale
Hon. Dennis J. Adkins