[Cite as *State v. Keith*, 2016-Ohio-1263.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   26367 |
| | : | |
| v. | : | T.C. NO. 13CR213 |
| | : | |
| LEROY KEITH, JR. | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the ___25th___ day of _____March_____, 2016.

. . . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

BROCK A. SCHOENLEIN, Atty. Reg. No. 0084707, 371 West First Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Leroy Keith pled no contest in the Montgomery County Court of Common Pleas to attempted rape of a child under the age of 13, a second-degree felony.  The parties agreed that the court would sentence Keith to a mandatory term of imprisonment between five and eight years; the trial court imposed a sentence of seven years.  Keith

was designated a Tier III sex offender.

{¶ 2} Keith appeals from his conviction, claiming that the trial court erred in denying his second motion to suppress DNA evidence and in informing him at the plea hearing that his sentence was mandatory. For the following reasons, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 3} Between December 8 and 9, 2012, Keith, who was 18 years old, engaged in sexual conduct with T.G., who was younger than 13 years old. The alleged rape was reported to police on December 13, 2012.

{¶ 4} On January 14, 2013, Detectives Jerome Dix and Elizabeth Aly arrested Keith, transported him to the police station, and interviewed him. During the interview, Keith initially denied having sex with T.G. Detective Dix also obtained a saliva sample from Keith, without a court order and without Keith's consent. After the DNA sample was taken, Keith made incriminating statements. The interview was video-recorded.

{¶ 5} In April 2013, Keith was indicted for rape of a child under the age of 13, in violation of R.C. 2907.02(A)(1)(b). Keith moved to suppress the DNA sample and his incriminating statements. The trial court conducted a hearing on July 1, 2013, and the parties submitted post-hearing briefing.

{¶ 6} On August 8, 2013, the trial court granted the motion to suppress. The court suppressed the DNA sample and any subsequent test results of that specimen on the ground that Dix was not statutorily authorized to collect the DNA sample from Keith. The trial court noted that R.C. 2901.07(B)(1)(a) authorizes collection of a DNA specimen from an adult arrested for a felony during the intake process at the jail; however, although Keith

was under arrest, Dix obtained the sample prior to Keith's being booked into the county jail.

{¶ 7} The court further concluded in its suppression decision that Keith's incriminating statements to Detective Dix were not voluntarily made due to misstatements of the law by Dix regarding the elements of rape. The court found that Keith's admission that he had consensual sexual conduct with T.G. was based on the false impression that force was an essential element of rape and that it would not be rape if Keith had had consensual sexual conduct with T.G.

{¶ 8} On August 26, 2013, Detective Dix obtained a search warrant for a DNA sample from Keith. Two days later, Dix presented the search warrant to Keith and obtained a swab of his saliva. The sample was submitted to the Montgomery County Regional Crime Lab, where it was compared with DNA found on T.G.'s underwear.

{¶ 9} On December 13, 2013, Keith filed a second motion to suppress, seeking to suppress the second DNA sample. Keith argued that the police should not be able to remedy the suppression of evidence by later obtaining a search warrant for the same evidence.

{¶ 10} A hearing on that motion was held on February 7, 2014. At the hearing, Detective Dix testified that he was aware that a prior DNA swabbing for Keith had been suppressed and that he obtained a search warrant for a new DNA sample. Dix stated that he first approached the common pleas trial judge in this case regarding the search warrant he had drafted, and based on the judge's instructions, he went to a Dayton Municipal Court judge.

{¶ 11} Dix stated that he provided the municipal court judge with information

beyond that contained in the search warrant. He testified, "I explained to her the whole dynamics of what had transpired throughout the case so far, the fact that we had gone through a motion to suppress. That the DNA sample that was first collected during the interview process of Mr. LeRoy Keith was suppressed; that we had notification back from the crime lab that [there] was a semen sample that was in the victim's underwear and that a second search warrant, second sample needed to be collected for comparison. I explained to her that I talked to [the trial court] and due to conflicting -- conflict of interest in the case, he instructed me to come back to the municipal courts to seek the search warrant that I obtained through [the municipal court judge]." Detective Dix denied telling the municipal court judge that Keith had previously made incriminating statements.

{¶ 12} On March 10, 2014, the trial court overruled the second motion to suppress. Relying primarily on *State v. Fugate*, 2d Dist. Greene No. 2006-CA-111, 2007-Ohio-6589, the trial court initially concluded that the police were not precluded from obtaining a second DNA sample pursuant to a search warrant when the first sample was obtained unlawfully. The court indicated that it had reviewed the four corners of the search warrant affidavit, and it concluded that the affidavit "sufficiently sets forth facts that provided [the municipal court judge] a substantial basis for concluding probable cause existed to believe that Keith's DNA would reveal evidence he committed the crime of rape." The court further found that, although Dix had informed the judge of the procedural background of the case, "this did not negate the probable cause established in the affidavit" and the warrant was "untainted by the earlier DNA sample obtained illegally from Keith."

{¶ 13} In July 2014, the State and Keith reached a plea agreement in which Keith

would plead no contest to the lesser included offense of attempted rape of a child under the age of 13. The plea form indicated that the prison term was mandatory and that Keith would be designated at Tier III sex offender. The court conducted a plea hearing on July 24, 2014, and ordered a presentence investigation. On August 13, 2014, the trial court sentenced Keith to a mandatory term of seven years in prison with no judicial release and designated him a Tier III sex offender.[1] Keith appealed from his conviction on August 26, 2014.

{¶ 14} For reasons that are unclear, the trial court held another hearing on September 25, 2014. Although the hearing was not transcribed, Keith apparently signed a waiver of indictment, a waiver of one-day service, a form explaining his obligations as a Tier III sex offender, a new plea form, and notice of appeal rights, all of which were filed. The State filed a bill of information. The new plea form and the bill of information both indicated that the indicted charge was amended to attempted rape by force, in violation of R.C. 2907.02(A)(2) and R.C. 2923.02(A).

{¶ 15} On September 30, 2014, the trial court filed an amended termination entry, convicting Keith of attempted rape by force and imposing the same sentence that was previously imposed. On October 10, 2014, Keith filed an "amended notice of appeal," indicating his appeal from the original August 13 judgment.

{¶ 16} Keith raises two assignments of error.

## II. The July 2014 Judgment Entry was Final

{¶ 17} As an initial matter, the parties assert that Keith ultimately pled no contest

---

[1] The judgment entry indicates that Keith pled guilty, rather than no contest, to attempted rape. This typographical error may be corrected by a nunc pro tunc entry.

to attempted rape by force, in violation of R.C. 2907.02(A)(2). This is incorrect. The trial court's August 13, 2014 judgment entry, which convicted Keith of attempted rape of a child under the age of 13, is the final judgment entry in this case.

{¶ 18} As discussed above, Keith was indicted for rape of a child under the age of 13, in violation of R.C. 2907.02(A)(1)(b). At the July 2014 plea hearing, Keith entered a plea to attempted rape of a child under the age of 13, in violation of R.C. 2907.02(A)(1)(b) and R.C. 2923.02(A). Keith's plea form reflected that he was pleading to that offense as a lesser included offense of R.C. 2907.02(A)(1)(b).

{¶ 19} Pursuant to R.C. 2945.74 and Crim.R. 31(C), three groups of lesser offenses are considered to be included in the indictment for a charged offense: "(1) attempts to commit the crime charged, if such an attempt is an offense at law; (2) inferior degrees of the indicted offense; or (3) lesser included offenses." *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph one of the syllabus; *State v. Deanda*, 136 Ohio St.3d 18, 2013-Ohio-1722, 989 N.E.2d 986, ¶ 5. Such offenses need not be separately charged, because they are "necessarily and simultaneously" charged as part of the indicted offense. *See State v. Smith*, 121 Ohio St.3d 409, 2009-Ohio-787, 905 N.E.2d 151, ¶ 14, quoting *State v. Lytle*, 49 Ohio St.3d 154, 157, 551 N.E.2d 950 (1990). The Supreme Court of Ohio has recognized that attempted rape is a lesser offense of rape. *State v. Williams*, 74 Ohio St.3d 569, 578, 660 N.E.2d 724 (1996).

{¶ 20} Having been indicted on rape of a child under the age of 13, Keith was necessarily and simultaneously charged with attempted rape of a child under the age of 13. The State was not required to present a bill of information to charge Keith with attempted rape of a child under of the age of 13 to effectuate Keith's plea. Rather, with

the agreement of the State, Keith could, and did, plead no contest to attempted rape of a child under the age of 13, in violation of R.C. 2907.02(A)(1)(b), based on the indictment.

{¶ 21} Even assuming that there were some error in the indictment at the time of Keith's plea, Keith was represented by counsel, he entered a negotiated plea, and he failed to object to the State's failure to amend the indictment or provide a bill of information. There is no indication that Keith was prejudiced by any procedural error.

{¶ 22} In August 2014, Keith was sentenced, and the trial court entered a judgment entry imposing a mandatory term of seven years in prison. Having entered a valid, final judgment (which, additionally, was on appeal), the trial court lacked the authority to accept a new plea agreement and to resentence Keith in September 2014. The September 2014 judgment entry is a nullity.

### III. Motion to Suppress Second DNA Sample

{¶ 23} In his first assignment of error, Keith claims that the trial court erred in overruling his second motion to suppress. He argues that (1) "no substantial basis existed" for the municipal court judge's finding of probable cause for the issuance of the warrant, (2) "no good faith basis existed when Detective Dix executed the search warrant," and (3) the inevitable discovery doctrine does not apply.

{¶ 24} In ruling on a motion to suppress, the trial court "assumes the role of the trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate the credibility of the witnesses." *State v. Retherford*, 93 Ohio App.3d 586, 592, 639 N.E.2d 498 (2d Dist.1994); *State v. Knisley*, 2d Dist. Montgomery No. 22897, 2010-Ohio-116, ¶ 30. Accordingly, when we review suppression decisions, we must accept the trial court's findings of fact if they are supported by competent, credible evidence. *Retherford*

at 592. "Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard." *Id.*

**{¶ 25}** The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution provide that search warrants may only be issued upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and/or things to be seized. *See also State v. Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, ¶ 11.

**{¶ 26}** In authorizing a search warrant, the issuing magistrate's duty is to determine whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place * * *." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Jones* at ¶ 13. "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for * * * conclud[ing]' that probable cause existed." *Gates* at 238-239, quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, __ N.E.3d __, ¶ 35. Ordinarily, "a probable cause inquiry must be confined to the four corners of the affidavit." *State v. Klosterman*, 114 Ohio App.3d 327, 333, 683 N.E.2d 100 (2d Dist.1996). In reviewing whether a search warrant has been issued upon probable cause, courts must examine the totality of the circumstances. *Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, at ¶ 15.

**{¶ 27}** Trial courts and appellate courts "should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *State v. George*, 45 Ohio St.3d

325, 544 N.E.2d 640 (1989), paragraph two of the syllabus; *Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, at ¶ 14.

{¶ **28**} Detective Dix's affidavit in support of the search warrant provided the following facts:

On 12/14/2012 [T.G.] a 12yr old minor came to the Care House and participated in a forensic interview with this detective. During that interview, [T.G.] disclosed that on or about December 8th, 2012, while at [a Dayton apartment], she engaged in penile to vaginal intercourse with Leroy Keith, Jr., who is 18 years of age. During this interview, [T.G.] provided this detective with the under ware [sic] she was wearing the night of December 8th, 2012. The underwear was later submitted to the Montgomery County crime laboratory for analysis's [sic.]. The underwear was analyzed and was found to have semen on them.

{¶ **29**} On appeal, Keith argues that there is no information in the affidavit to establish why the complainant is credible. He cites authority that where a confidential or anonymous informant is the source of hearsay, there must be some basis in the affidavit to indicate the informant's credibility.

{¶ **30**} "Courts have generally recognized three categories of informants: (1) the identified citizen informant, (2) the known informant, i.e., someone from the criminal world who has a history of providing reliable tips, and (3) the anonymous informant." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864,¶ 36, citing *Maumee v. Weisner*, 87 Ohio St.3d 295, 300, 720 N.E.2d 507 (1999). "[A] tip from an identified citizen informant who is a victim or witnesses a crime is presumed reliable, particularly if

the citizen relates his or her basis of knowledge." *State v. Gress*, 2d Dist. Montgomery No. 16899, 1998 WL 321014 (June 19, 1998).

**{¶ 31}** Detective Dix's information was based on information provided by an identified citizen informant, T.G., not an anonymous or confidential informant. T.G. was the complainant, and she provided Detective Dix with details of the alleged offense and the underwear she was wearing. Her information is presumed to be reliable, and it provided a sufficient basis for the municipal court judge to find probable cause to issue a search warrant for a sample of Keith's DNA.

**{¶ 32}** Finally, we agree with the trial court that the State was not precluded from seeking a search warrant for a second sample of Keith's DNA after the trial court suppressed the first sample, *see Fugate*, 2d Dist. Greene No. 2006-CA-111, 2007-Ohio-6589, at ¶ 12, and that the search warrant was not invalid under the fruit of the poisonous tree doctrine.

**{¶ 33}** Here, the evidence demonstrates that the search warrant affidavit did not rely on any evidence obtained as a result of the improper collection of a DNA sample from Keith in January 2013. In seeking a search warrant from the municipal court in August 2013, Dix orally informed the judge about the procedural history of the case, including that a prior DNA sample had been taken and suppressed and that the police "had notification back from the crime lab that [there] was a semen sample that was in the victim's underwear and that * * * a second sample needed to be collected for comparison." Dix further testified that he did not believe a comparison had been performed between Keith's first DNA sample and the semen sample. Dix also stated that he did not inform the municipal court judge about Keith's incriminating statements, which had also been

suppressed. Accordingly, based on the evidence presented at the second suppression hearing, there is no evidence that the search warrant was tainted by the suppressed evidence (the first DNA sample and the incriminating statements) or by any evidence derived from the suppressed evidence.

{¶ 34} Because we conclude that the search warrant was based on probable cause and was not invalid as fruit of the poisonous tree, we need not address Keith's arguments that good faith exception to the exclusionary rule and the inevitable discovery doctrine do not apply.

{¶ 35} Keith's first assignment of error is overruled.

### IV. Voluntariness of Defendant's Plea

{¶ 36} In his second assignment of error, Keith claims that his plea was not entered knowingly and intelligently, because the trial court incorrectly informed him that any prison term imposed for attempted rape must be mandatory. Keith's appellate counsel states in his brief that he could find no authority that requires a sentence for rape or attempted rape to be a mandatory term.

{¶ 37} Initially, the State appears to concede that Keith's sentence for attempted rape was not required to be mandatory. This concession is premised on its apparent belief that Keith pled no contest to attempted rape by force, in violation of R.C. 2907.02(A)(2) and R.C. 2923.02(A), during the September 2014 plea and sentencing hearing. The State acknowledges that, pursuant to R.C. 2929.13(F)(2) a conviction for attempted rape carries a mandatory prison sentence if the offender is convicted of attempted rape of a child under 13 years of age. We disagree with the State's underlying premise, i.e., that Keith pled guilty to attempted rape by force, and conclude that R.C.

2929.13(F)(2) applies.

{¶ 38} Pursuant to R.C. 2929.13(F)(2), a mandatory prison sentence is required for attempted rape "if, had the offender completed the rape that was attempted, the offender would have been guilty of a violation of division (A)(1)(b) of section 2907.02 of the Revised Code and would be sentenced under section 2971.03 of the Revised Code."

{¶ 39} In August 2014, Keith was convicted on his no contest plea to the lesser offense of attempted rape of a child under the age of 13, in violation of R.C. 2907.02(A)(1)(b) and R.C. 2923.02(A). Had Keith completed this rape, he would have been guilty of rape of a child under the age of 13, in violation of R.C. 2907.02(A)(1)(b). Pursuant to R.C. 2907.02(B), an offender under R.C. 2907.02(A)(1)(b) must be "sentenced to a prison term or term of life imprisonment" pursuant to R.C. 2971.03. Accordingly, pursuant to R.C. 2929.13(F)(2), Keith's sentence for attempted rape of a child under the age of 13 was required to be a mandatory sentence, and the trial court did not err by repeatedly informing him of that fact.

{¶ 40} The State asserts that the trial court was required to impose a mandatory sentence pursuant to R.C. 2929.13(F)(6), which requires a mandatory prison sentence for a first- or second-degree felony when the defendant has a prior conviction for any first- or second-degree felony. Assuming, for sake of argument, that the trial court's September 2014 judgment entry for attempted rape by force were effective, we would agree that Keith's sentence would have been mandatory under R.C. 2929.13(F)(6).[2]

{¶ 41} A juvenile adjudication is equivalent to a conviction for purposes of

---

[2] R.C. 2929.13(F)(6) does not apply if the offense falls within R.C. 2929.13(F)(1)-(4). Accordingly, R.C. 2929.13(F)(6) would not apply to attempted rape of a child under the age of 13, which is governed by R.C. 2929.13(F)(2).

enhancing a defendant's subsequent charges and sentences.  *E.g.*, *State v. Morris*, 2d Dist. Montgomery No. 26051, 2014-Ohio-5578, ¶ 12; s*ee* R.C. 2901.08(A); *State v. Adkins*, 129 Ohio St.3d 287, 2011-Ohio-3141, 951 N.E.2d 766, ¶ 8, 19.  We have therefore considered juvenile adjudications in determining whether a sentence is mandatory pursuant to R.C. 2929.13(F)(6).  *Morris* at ¶ 12; *State v. Hand*, 2d Dist. Montgomery No. 25840, 2014-Ohio-3838.[3]

{¶ 42} According to the presentence investigation, Keith has a 2010 juvenile adjudication for aggravated robbery, an offense that would be a first-degree felony if committed by an adult.  Keith was committed to the Department of Youth Services as a result of the offense.  The aggravated robbery adjudication constituted a prior first-degree felony for purposes of R.C. 2929.13(F)(6), and as a result, the trial court would have been required to impose a mandatory prison sentence for attempted rape by force.

{¶ 43} Keith's second assignment of error is overruled.

## V. Conclusion

{¶ 44} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

FAIN, J., concurs.

DONOVAN, P.J., concurs in judgment only.

Copies mailed to:

Andrew T. French
Brock A. Schoenlein
Hon. Dennis J. Langer

---

[3] In *Hand*, we held that the use of a prior juvenile adjudication to enhance an adult sentence did not violate the defendant's right to due process.  *Hand* has been accepted for review by the Ohio Supreme Court, *03/25/2015 Case Announcements*, 2015-Ohio-1099, and oral argument was held on December 1, 2015.