[Cite as *State v. Cox*, 2022-Ohio-4623.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29522 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-1814 |
| | : | |
| AARON COX | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

· · · · · · · · · ·

O P I N I O N

Rendered on the 22nd day of December, 2022.

· · · · · · · · · ·

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellant

CARL G. GORALESKI, Atty. Reg. No. 0024351, 500 East Fifth Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellee

· · · · · · · · · · · ·

EPLEY, J.

{¶ 1} The State of Ohio appeals the trial court's order granting judicial release to Aaron Cox. It argues that Cox was not yet permitted to file a motion for judicial release under R.C. 2929.20(C), that the trial court failed to hold a hearing on the motion under R.C. 2929.20(D), and that the court failed to make findings under R.C. 2929.20(J). For the following reasons, the State's appeal will be dismissed as moot.

## I. Facts and Procedural History

{¶ 2} According to the State's sentencing memorandum, on August 12, 2019, Cox and Robert McPherson headed to a credit union to attempt to get bail money for a mutual friend who was in jail. While en route, Cox robbed McPherson at knifepoint. Cox was arrested and charged with aggravated robbery (deadly weapon). He was released on bond in December 2019. On March 5th, 2020, police officers found Cox unresponsive on the grounds of a business. After reviving him, the officers discovered that Cox possessed drugs. He again was arrested and charged with possession of fentanyl, a fifth-degree felony. He later was released from custody.

{¶ 3} On June 3, 2020, Cox became uncooperative with probation officers to the point that he had to be taken to the hospital for treatment. After trying to escape from several probation officers and hospital staff, Deputy Quillen was dispatched to Grandview Hospital to transport Cox back to the county jail. While traveling to the jail, Cox demonstrated to Deputy Quillen that he was not handcuffed on both arms. Deputy Quillen then pulled his cruiser over to properly secure him. Instead of following Deputy Quillen's orders and allowing himself to be properly handcuffed, Cox pushed Deputy

Quillen onto the ground, jumped into the front seat of the cruiser, and drove off. While doing so, Cox ran over Deputy Quillen's arm and barely missed his head and upper body. Cox was apprehended shortly thereafter, pretending to be a witness to the incident as police officers were searching for him.

{¶ 4} On August 5, 2020, Cox was charged by bill of information with felonious assault (peace officer; deadly weapon), a felony of the first degree, and escape, a felony of the third degree. Five days later, he pled guilty to the charges. The plea forms indicated that Cox was serving community control sanctions.

{¶ 5} On September 21, 2020, Cox appeared for sentencing in this case, as well as Montgomery C.P. Nos. 2019-CR-3106 (aggravated robbery) and 2020-CR-1399 (possession of fentanyl). With respect to this case, the trial court orally sentenced Cox to an indefinite sentence of a minimum of four years and a maximum of six years for the felonious assault, to be served concurrently with prison sentences imposed in the other two cases. The court imposed 12 months in prison for escape, to be served consecutively to the felonious assault sentence as required by R.C. 2929.14(C)(2). Several cases for which Cox was serving community control sanctions were terminated as incomplete. Cox's aggregate prison sentence was five to six years. He had 230 days of jail time credit when sentencing occurred. The court also suspended Cox's driver's license for five years and ordered him to pay court costs, but it later waived costs. The trial court filed its judgment of conviction on September 29, 2020.

{¶ 6} Approximately four months later, on January 31, 2022, Cox moved for judicial release. The trial court overruled this motion without a hearing.

{¶ 7} Cox again moved for judicial release on May 18, 2022. The State opposed the motion, arguing that "the imposed sentence of 4-6 years adequately reflects the lack of regard displayed by the defendant in these cases" and that judicial release would demean the seriousness of Cox's conduct. The trial court scheduled a hearing for June 9, 2022, but the matter apparently was heard the following day. On June 10, 2022, the court granted the motion for judicial release and placed Cox on up to five years of community control.

{¶ 8} The State appeals the trial court's judgment. Its sole assignment of error claims that the trial court "erred by granting Aaron Cox judicial release because, under the explicit terms of R.C. 2929.20, Cox was not eligible for such relief at the time it was granted."

## II. Mootness

{¶ 9} Before addressing the merits of the State's assignment of error, we must address whether the issues are now moot.

{¶ 10} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 8. Under the mootness doctrine, American courts will not decide cases where an actual legal controversy no longer exists between the parties. *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37. "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions." *Dibert v.*

*Carpenter*, 2018-Ohio-1054, 98 N.E.3d 350, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 55.

{¶ 11} A court may consider extrinsic evidence from outside the record to determine mootness. *E.g.*, *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8; *Townsend v. Antioch Univ.*, 2d Dist. Greene No. 2008-CA-103, 2009-Ohio-2552, ¶ 8.

{¶ 12} In this case, the trial court's online docket reflects that, on August 1, 2022, the trial court added additional sanctions to Cox's community control sanctions in accordance with his classification and treatment plan. An amended entry granting judicial release was filed on August 19, 2022.

{¶ 13} On September 21, 2022, the probation department filed a notice of revocation, informing Cox that he was alleged to have violated the terms of his judicial release by (1) failing to provide updated verification of employment and (2) failing to abstain from the use of illicit substances. The following day, an amended notice added a third alleged violation: Cox left the state without permission of the court or the probation department. Following a revocation hearing on October 11, 2022, the trial court revoked Cox's judicial release and ordered him to serve the remaining portion of his prison sentence. The court's judgment entry was filed on October 13, 2022, and Cox was transported to prison five days later. He did not appeal the revocation of his judicial release.

{¶ 14} Because Cox's judicial release has been revoked and he again is serving his prison sentence, there is no remedy that we could provide even if we were to agree

with the State that the trial court's grant of judicial release was improper. *Contrast State v. Morris*, 2d Dist. Montgomery No. 26051, 2014-Ohio-5578 (State's direct appeal from the trial court's imposition of community control sanctions was not moot, although community control had been revoked, because a controversy remained as to whether the trial court initially applied the correct sentencing statute). Any error in the trial court's grant of judicial release is now moot.

### III. Conclusion

{¶ 15} The State's appeal will be dismissed as moot.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Carl G. Goraleski
Hon. Mary E. Montgomery