[Cite as *State v. Kuhns*, 2016-Ohio-5312.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 28027 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEVEN W. KUHNS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 15 07 2323 |

DECISION AND JOURNAL ENTRY

Dated: August 10, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Steven Kuhns, appeals the judgment of the Summit County Court of Common Pleas convicting him of theft, a fifth-degree felony. While we affirm the trial court's finding of guilt, we hold that the trial court erred by sentencing Kuhns for the crime of theft as a fifth-degree felony.

I.

{¶2} The Summit County Grand Jury indicted Kuhns on one count of theft in violation of R.C. 2913.02(A)(2) as a result of his failing to return or pay for a gasoline-powered Husqvarna K 760 II cut-off saw that he had rented from Falls Tool Rental, a business located in Cuyahoga Falls, Ohio. A violation of this section typically constitutes petty theft, which is a first-degree misdemeanor. R.C. 2913.02(B)(2). However, because the value of the cut-off saw was alleged to be between $1,000.00 and $7,500.00, the State sought to enhance Kuhns' theft charge to a felony of the fifth degree pursuant to R.C. 2913.02(B)(2). Kuhns pled not guilty to

the sole count in the indictment and also waived his right to a jury trial. The matter then proceeded to a bench trial.

{¶3} During the course of the proceedings, the parties stipulated that Kuhns committed a theft offense by renting and not returning the cut-off saw. The parties further stipulated that the sole issue at trial concerned the value of the cut-off saw, which would directly impact whether Kuhns was guilty of a first-degree misdemeanor or a fifth-degree felony if he were to be convicted. *See* R.C. 2913.02(B)(2). At the close of the State's case-in-chief, Kuhns made a Crim.R. 29 motion for judgment of acquittal on the basis that insufficient evidence was presented demonstrating that the value of the cut-off saw was at least $1,000.00. The trial court denied Kuhns' motion. The defense then rested without calling any witnesses. The trial court subsequently found Kuhns guilty of the sole count contained in the indictment and sentenced Kuhns to a suspended term of imprisonment on the condition that Kuhns serve a period of 18 months of community control. The trial court also ordered Kuhns to pay restitution to the victim in the amount of $1,632.98.

{¶4} Kuhns filed this timely appeal and raises three assignments of error for this Court's review. To facilitate our analysis, we elect to address Kuhns' first and second assignments of error together.

II.

**Assignment of Error I**

**The trial court erred as a matter of law because the State failed to establish on the record sufficient evidence to support the charges levied against Mr. Kuhn in violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution and Article I, Section 1, 10 & 16 of the Ohio Constitution.**

**Assignment of Error II**

**Mr. Kuhn's convictions [sic] are against the manifest weight of the evidence [ ] in violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution and Article I, Section 1, 10 & 16 of the Ohio Constitution.**

{¶5} Although Kuhns has couched his challenges as sufficiency of the evidence and manifest weight claims, the gist of his argument is that the trial court improperly determined the value of the stolen property which affected the trial court's determination of the level of his offense for sentencing purposes. Because we agree with Kuhns' argument, we reverse and remand for resentencing.

{¶6} This matter implicates Kuhns' conviction for theft in violation of R.C. 2913.02(A)(2), which prohibits a person, "with purpose to deprive the owner of property or services, [from] knowingly obtain[ing] or exert[ing] control over either the property or services * * * [b]eyond the scope of the express or implied consent of the owner or person authorized to give consent." A violation of R.C. 2913.02(A) is generally a misdemeanor of the first degree. R.C. 2913.02(B)(2). However, where the value of the property or services stolen is $1,000.00 or more, but less than $7,500.00, a violation of R.C. 2913.02 constitutes a felony of the fifth degree. *Id*. While the special findings identified in R.C. 2913.02(B)(2) that are required for an enhancement affect the sentence that is available upon conviction for the offense, they are not part of the definition of the crime of theft set forth in R.C. 2913.02(A). *See State v. Smith*, 121 Ohio St.3d 409, 2009-Ohio-787, ¶ 13.

{¶7} Here, the parties disagree as to whether it was appropriate for the trial court to include the rental fee as part of the saw's value. At trial, the store employee testified that Kuhns agreed to rent the cut-off saw for a period of one day, but that Kuhns never returned the saw. The employee testified that after Kuhns failed to return the saw after one month, the store's

owner filed charges against Kuhns and terminated the rental agreement. Lastly, the owner testified that the rental agreement explicitly states that if the saw was not returned for any reason, the renter would still owe the full rental amount, which for this particular saw was $750.00 per month. The trial court ultimately determined that the $750.00 rental fee did constitute part of the saw's value. The trial court also determined that the aggregate value of the cut-off saw exceeded $1,000.00, but was less than $7,500.00, and proceeded to sentence Kuhns on a fifth-degree felony.

{¶8} The State maintains that because R.C. 2913.01(E) defines "services" to include "rental services," it was appropriate for the trial court to include the rental fee as part of the saw's value. Kuhns disagrees with the State's position and argues that the value of the saw is strictly limited to its replacement value. We agree with Kuhns on this point.

{¶9} When determining the value of property or services involved in a theft offense, R.C. 2913.61(D)(2) provides that:

> [t]he value of * * * materials, supplies, equipment, and fixtures used in the profession, business, trade, occupation, or avocation of its owner * * * and which retains substantial utility for its purpose regardless of its age or condition, is the cost of replacing the property with new property of like kind and quality.

Thus, the value of equipment that is used in the business of its owner, such as the cut-off saw at issue in this case, is the replacement value of that piece of equipment. As R.C. 2913.61(D)(2) does not provide for rental fees when ascertaining the value of a stolen piece of business equipment, we conclude that rental fees are not to be included in such a calculation. Because the trial court concluded otherwise, we determine that the trial court erred in its calculation of the value of the cut-off saw.

{¶10} Moreover, R.C. 2913.02(A)(2) states that "[n]o person, with purpose to deprive the owner of *property or services*, shall knowingly obtain or exert control over either the property or services * * * [b]eyond the scope of the express or implied consent of the owner or person authorized to give consent." (Emphasis added.) The plain language of this statute signifies that property and services are two different things, though both are capable of being stolen. The State is correct in noting that R.C. 2913.01(E) explicitly defines the term "services" to include "rental services." However, Kuhns was charged with stealing a power tool, which is a tangible piece of *property*, not a service. As such, the fact that R.C. 2913.01(E)'s definition of "services" includes "rental services" is irrelevant to determining the value of a stolen piece of property. Because Kuhns was charged with theft of a cut-off saw from a business, the applicable law limits the valuation of stolen business equipment solely to its replacement value. And, because the cut-off saw's value does not include the $750.00 rental fee, we determine that the trial court erred by sentencing Kuhns for a fifth-degree felony. Accordingly, we vacate the trial court's sentence in this matter and remand for the trial court to determine the correct value of the cut-off saw in light of R.C. 2913.61(D)(2).

{¶11} Kuhns' first and second assignments of error are sustained.

### Assignment of Error III

**Mr. Kuhn was denied his right to effective assistance of counsel guaranteed under the Sixth Amendment to the U.S. Constitution and Article I, Sections 1, 10 & 16 of the Ohio Constitution.**

{¶12} In his third assignment of error, Kuhns argues that he received ineffective assistance of counsel. Specifically, Kuhns contends that his trial counsel was ineffective by stipulating to the material elements of theft while not understanding that "rental services" were to be included in the valuation of stolen property. Thus, Kuhns' ineffective assistance of counsel

argument is premised on being convicted of a fifth-degree felony instead of a first-degree misdemeanor. However, in sustaining Kuhns' earlier assignments of error, we determined that the trial court incorrectly calculated the value of the stolen property at issue in this matter and remanded the matter for further proceedings. As such, Kuhns' ineffective assistance of counsel claim is not ripe in light of this Court's reversal.

## III.

{¶13} Kuhns' first and second assignments of error are sustained insofar as the trial court erred in its calculation of the stolen property. Kuhns' third assignment of error is not yet ripe for review. The judgment of the Summit County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

                                          _____

                                          JULIE A. SCHAFER
                                          FOR THE COURT

WHITMORE, J.
<u>CONCURS.</u>

MOORE, P. J.
<u>CONCURRING IN PART, AND DISSENTING IN PART.</u>

**{¶14}** I concur that the judgment of the trial court should be reversed; however, I would send the matter back with instructions for the trial court to sentence Mr. Kuhns to a first-degree misdemeanor.

**{¶15}** Mr. Kuhns was indicted for stealing "saws and/or other items[.]" He was not indicted for the theft of rental services. The parties do not dispute that the State presented evidence that the saw could be purchased from the manufacturer for over $1000. However, evidence was also presented that the saw and the two blades could be purchased elsewhere for $882.98. The trial court adopted the latter value as the value of the saw. The trial court also included the value of the monthly rental fee, $750, in determining the total value. Thus, the trial court found the value to be $1632.98, and accordingly found Mr. Kuhns guilty of a felony.

**{¶16}** R.C. 2913.02(A)(2) states that "[n]o person, with purpose to deprive the owner of property *or* services, shall knowingly obtain or exert control over *either* the property *or* services * * * [b]eyond the scope of the express or implied consent of the owner or person authorized to give consent[.]" (Emphasis added.) Thus, the plain language of the statute indicates that a crime occurs when either property or services is taken. R.C. 2913.61(D) provides in part that the listed

"criteria shall be used in determining the value of property *or* services involved in a theft offense * * *." (Emphasis added.) The plain language of that statute thus provides that the value at issue from an applicable theft offense consists of the value of the property or the value of the services, not a combination of the two.

{¶17} However, here the trial court only found the total value met the felony level threshold by combining the value of the saw and the blades along with the value of the rental services. As the statutes at issue do not authorize aggregation, and the value of the saw and blades, the items the indictment alleged Mr. Kuhns stole, was determined to be less than $1000.00, Mr. Kuhns could not be convicted of a felony offense. Thus, to the extent that Mr. Kuhns has asserted he could not be convicted of a felony, I would sustain his first and second assignments of error and remand the matter with instructions for the trial court to sentence Mr. Kuhns to a first-degree misdemeanor.

{¶18} Given that resolution, to the extent that Mr. Kuhns has argued that his counsel was ineffective by stipulating at trial to all other elements of theft, aside from the value of the items stolen, I would proceed to address the merits of the third assignment of error.

APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.