[Cite as *State v. Champion*, 2021-Ohio-4002.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200462 |
| | | TRIAL NO. C-20CRB-7595 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| TYEISHA CHAMPION, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: November 10, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters,* Assistant Public Defender, for Defendant-Appellant.

**Zayas, Presiding Judge.**

{¶1} Tyeisha Champion appeals her theft conviction, after a bench trial, for taking property from Walmart. Raising one assignment of error, Champion contends that her conviction was based on insufficient evidence and against the manifest of the evidence. For the following reasons, we affirm the judgment of the trial court

## Factual Background

{¶2} On April 24, 2020, a complaint and affidavit were filed alleging Tyeisha Champion knowingly obtained control over property without Walmart's consent. Specifically, Champion and her cousin Holly Champion entered the business and selected several items and proceeded to the self-checkout register. Both women failed to scan several items, ticket-switched price tags, and left with merchandise valued at $278.95. Champion pled not guilty and proceeded to a bench trial.

{¶3} At trial, the state's sole witness, Gracie Stamper, testified that she was working at the Walmart on Red Bank Road on April 24, 2020. Stamper was in her office watching the cameras recording the self-checkout lanes. Stamper observed Champion and her cousin in the self-scan line with a full shopping cart. Both began scanning items and had multiple items in their hands. Each scanned one item, and then placed several items in the bag. Champion and her cousin did not scan five or six items, including clothing, a pair of sandals, and candles. Stamper testified that she had a handheld device in her office that allowed her to see which items were scanned and the cost of each item as the items were being scanned.

{¶4} A pair of beach sandals that cost $7.98 was not scanned. However, an

electronic item was scanned, and it contained the tag from the $7.98 beach sandals. The actual price of the item was $119. Stamper did not see who placed the price tag from the sandals onto the electronic item, but the companion was the one who scanned the electronic item.

{¶5} After the women passed the point of sale, Stamper and her partners apprehended them and brought them back into the store. They went into Stamper's office and went through the receipt to verify what items were paid for. They determined that items in the amount of $278 were not paid for.

{¶6} Stamper could not recall exactly which items Champion did not scan, but testified that both women placed unscanned items into the bags. Several times, Stamper stated that she would have to review the video recording to determine which items were not scanned and which woman bagged the unscanned items. The video recording was not introduced into evidence, and Champion had not filed a request for discovery. After Stamper's testimony, the state rested.

{¶7} Champion testified that she was shopping with her cousin, and the two separated while in the store. Champion was purchasing clothing for her children, sandals, and candles. Champion confirmed that her cousin had scanned the electronic item, and she wondered why the electronic item was so inexpensive when her cousin scanned it. Champion tried to ask her cousin about it, but her cousin quickly walked out of the store.

{¶8} Champion's cousin paid for all of the merchandise, and she tried to reimburse her cousin the $60 for the items she had purchased, but her cousin walked away so quickly, she was unable to give her the money. Champion grabbed the shopping cart and followed her cousin out of the store. After Champion's testimony

the defense rested.

{¶9} The trial court found Champion guilty after making the following findings:

Doesn't really matter to me whether – who switched the tag on the large items. The evidence that I find credible is the evidence that indicated that the defendant also scanned certain items, then just put other items in the basket that end up being taken out by the store. I don't have any evidence that you tried to pay while inside the store, so I'm going to find her guilty of theft.

{¶10} Champion appeals presenting one assignment of error.

Sufficiency and Manifest Weight

{¶11} In her sole assignment of error, Champion contends that the trial court erred in finding her guilty of theft as that finding was based on insufficient evidence and against the manifest weight of the evidence.

{¶12} In reviewing a challenge to the sufficiency of the evidence, a reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime had been proved beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶13} Generally, credibility is an issue for the trier of fact to resolve. *See State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001). "Because the trier of fact sees and hears the witnesses and is particularly competent to decide 'whether, and to what extent, to credit the testimony of particular witnesses,' we must afford substantial deference to its determinations of credibility." *Barberton v. Jenney*, 126

Ohio St.3d 5, 2010-Ohio-2420, 929 N.E.2d 1047,¶ 20, citing *State v. Konya*, 2d Dist. Montgomery No. 21434, 2006-Ohio-6312, ¶ 6, quoting *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). " '[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [finder of fact] believed the prosecution testimony.' " (Citation omitted.) *State v. Hammerschmidt*, 9th Dist. Medina No. CA2987-M, 2000 WL 254902, *4 (Mar. 8, 2000).

{¶14} When considering a challenge to the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983), paragraph three of the syllabus.

{¶15} Champion was charged with a misdemeanor theft under R.C. 2913.02(A)(1) which provides, "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent."

{¶16} Stamper testified that Champion had multiple items in her hand, scanned one item, and then placed all of the items in the bag. Champion left the store without paying for the items that she did not scan. Although Stamper could not

recall exactly which items Champion did not pay for, she testified that clothing, a pair of sandals, and candles were not scanned. After apprehending Champion, Stamper verified that merchandise in the amount of $278 was not paid for.

{¶17} Champion contends that the evidence was insufficient because Stamper did not testify as to what specific merchandise Champion took. However, Champion cites to no legal authority to support that argument. Champion also argues that the evidence was insufficient because the state failed to establish the value of the stolen merchandise. The Ohio Supreme Court has held that the value of stolen property is not an essential element of the offense of theft, but instead a finding that enhances the penalty for the offense. *State v. Smith*, 121 Ohio St.3d 409, 2009-Ohio-787, 905 N.E.2d 151, ¶ 13.

{¶18} Viewing the evidence in a light most favorable to the prosecution, the testimony was sufficient to establish that she specifically intended to deprive Walmart of its property by knowingly exerting control over merchandise that was not scanned or paid for without Walmart's consent. The natural, reasonable and probable consequence of Champion placing items in a bag without scanning them and leaving the store without paying for them is sufficient to establish her intent to commit a theft.

{¶19} With respect to the manifest weight of the evidence, Champion argues that the conviction was against the manifest weight of the evidence because she testified that she scanned every item that she placed in the bag. However, the trial court believed Stamper's testimony. Because credibility is an issue for the trier of fact to resolve, we cannot say that the court clearly lost its way and created a manifest miscarriage of justice.

**{¶20}** Accordingly, we overrule the sole assignment of error.

## Conclusion

**{¶21}** Having overruled Champion's soul assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

**MYERS** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry this date.